| 49 | 87 |
| 91 | 303 |
| 49 | 87 |
| 111 | 45 |
| 49 | 87 |
| 138 | 168 |

[No. 4,006.]

# ANTONIO PASTENE *v.* WILLIAM J. ADAMS AND PETER TAYLOR.

INJURY CAUSED BY NEGLIGENCE.—In an action brought to recover damages caused by the falling of lumber which is alleged to have been carelessly piled by the defendant; if the lumber was thus carelessly piled up, the facts that it remained in that condition a long time before the injury, and that the lumber was caused to fall by the negligence of a stranger, are no defense; for the negligence of the defendant concurring with the negligence of the stranger, is the direct and proximate cause of the injury.

APPEAL from the District Court, Twelfth Judicial District,. City and County of San Francisco.

The defendants were lumber dealers in the city of San Francisco, and had a lumber yard on the easterly side of Stewart street, between Howard and Folsom streets. Their office fronted on the east side of Stewart street, which runs north and south, and there were two gangways or roads leading from the street into the lumber yard, one on the north side of the office, and one on the south, each about twelve feet wide. The distance between these gangways was about thirty-five feet. In front of the office, and in Stewart street, and between the gangways, the defendants had piled three tiers of timbers, about twelve inches square. The ends of these timbers extended to the gangways, but they were so laid, one upon another, that the ends of some projected more than others. The plaintiff went to the defendants' office to purchase lumber, and started from the

office with a clerk, to walk down Stewart street, alongside of the timbers to the gangway. While walking close to the timbers, one Randall drove a team from the yard through the gangway to the street, and, in doing so, the wheel caught the end of one of the timbers and threw it down. The plaintiff's leg sustained such an injury as to render amputation necessary. This action was brought to recover damages for the injury he thus sustained. There was an issue made in the pleadings as to whether the timbers were carelessly piled. The timbers had lain there for several months. The jury gave a verdict for the plaintiff for two thousand dollars damages, and the defendants appealed.

*W. H. Patterson* and *Wm. Irvine*, for the Appellants.

The entire case made by the plaintiff's proofs rested upon the legal proposition upon which the action was based, that the act of piling the timber in the roadway by the defendants made them responsible for any consequences of injury resulting therefrom, however remotely, and though directly occasioned by the act of another; which proposition, we submit, cannot be maintained.

The following cases demonstrate the rule that the injury must have been immediately occasioned by the act of imputed negligence, or the result would have been the natural or necessary consequence thereof : *Ryan* v. *New York Central Railroad Co.* 35 New York R. 210; *Penn. Railroad Co.* v. *Kerr*, 62 Penn. (State) R. 353, 364; *Denny* v. *New York Central Railroad Co.* 13 Gray (Mass.) R. 481; *Railroad Co.* v. *Reeves*, 10 Wallace (U. S.) R. 176; *Morrison* v. *Davis*, 20 Penn. (State) R. 171: *Griggs* v. *Fleckenstien*, 14 Minnesota R. pp. 81–89.

The doctrine of these authorities is that the defendant is only responsible for the natural and proximate, and not for the remote consequences following from his acts. If a subsequent and distinct cause, intervening after that for which the defendant is responsible, had ceased to act, has been productive of injury, and but for that, no injury would have occurred, the defendant is not responsible.

The following cases in the Courts of Maine were cases against a town for neglect to repair defective highways, and they hold that where the injury was occasioned partly by the defective highway, but directly by some other intervening agency, without which the injury would not have happened, the plaintiff cannot recover: *Moore and Wife* v. *Inhabitants of Abbott*, 52 Maine R. p. 46; *Farrar* v. *Gran*, 32 Id. 574; *Comb* v. *Inhabitants of Topsham*, 38 Id. 204; *Anderson* v. *City of Bath*, 42 Id. 346.

The rule of proximate cause is alike common in its application to both plaintiff and defendant, in the matter of the negligence of either directly contributing to the injury, as is shown by the following authorities: *Isbill* v. *The N. Y. and N. H. Railroad Co.*, 27 Conn. R. 393; *Haley* v. *Earle*, 30 N. Y. R. 208; *Mayer* v. *The People's R. W. Co.* 43 Missouri R. 523 (and other cases cited in the opinion on p. 527). The facts being uncontroverted, the question of negligence was for the Court.

*R. W. Hent* and *H. L. Joachimsen*, for the Respondent.

The defendants had piled lumber in front of their premises about twenty feet into Stewart street. This was a nuisance. (Angell on Highways, secs. 222, 223, 225, 226, 227, 228; *Shipley* v. *Fifty Associates*, 106 Mass. 194.

In cases of nuisances no question of negligence arises. (Shear. and Red. on Negligence, sec. 363; *Congreve* v. *Smith*, 18 N. Y. 79; *Congreve* v. *Morgan et al.* 18 N. Y. 80.)

It was the duty of the defendants to have their premises in such condition, and to conduct operations thereon in such a manner as was consistent with safety to all persons passing along Stewart street. (Campbell on Negligence, sec. 14.)

The fact that plaintiff was injured while passing along Stewart street in front of their premises, is itself *prima facie* evidence of negligence. *Res ipsa loquitur.* (Camp. on Neg. secs. 15, 16, 24; *Kearney* v. *L. B. & S. C. Ry. L. R.* 5 Q. B. 411; *Scott* v. *Liverpool Dock Co.* 3 H. & C. 596, and 34 L. J. Ex., 17, 22.)

The defendants furnished the means and facility for the commission of the injury to the plaintiff.

Both the negligence of defendants in piling lumber into the street, and allowing it to remain there, and their negligent manner of piling it where it was, if not the sole, or in point of time the immediate causes of the injury complained of, concurred with the driving of Randall's team to produce the injury, and defendants are, therefore, responsible; it clearly appearing that, but for such negligence, the injury would not have happened, and both circumstances being closely connected with the injury in the order of events. (Shear. & Red. on Neg. Sec. 10, and authorities cited in note 2.)

The fault of a mere stranger, however much it may contribute to the injury, is no defense for one whose negligence helped to bring the injury about. (Shear. & Red. on Neg., Secs. 27, 46.)

By the Court, McKINSTRY, J.:

If the timbers were negligently piled by the defendants, the negligence continued until they were thrown down, and (concurring with the action of Randall) was a direct and proximate cause of the injury sustained by the plaintiff.

Judgment affirmed.