# Herr, et ux., *v.* City of Lebanon, Appellant.

## [Marked to be reported.]

*Negligence—Proximate and remote and concurrent causes—Highways—Guards.*

If two distinct causes are operating at the same time to produce a given result, which might be produced by either, they are concurrent causes. But if two distinct causes are successive and unrelated in their operation, one of them must be the proximate and the other the remote cause.    In such case, the law regards the proximate as the efficient and responsible cause and disregards the remote.

A horse which was drawing the omnibus in which plaintiff was riding fell near the middle of a roadway about 20 feet wide and in good condition.    On one side of the road was a steep descent of several feet without any guard rail.    The horse struggled to regain its feet, but failed; in its struggles, it went over the declivity, dragging the omnibus after it, and the plaintiff was injured.    The jury found that the city was negligent in not erecting a barrier at the edge of the highway; but that the fall of

the horse was not caused by the negligence of the city; *held,* that the city was not liable.   Wagner v. Jackson Township, 133 Pa. 61, overruled.

If any injury were suffered by reason of the absence of the barrier of which such absence was the proximate or efficient cause, the city would be liable.   If, therefore, in the ordinary use of the street, one had been crowded over the bank by the volume of the travel, by the sudden shying of his horse, or by the accumulation of ice on the roadway, the absence of the barrier might justify a recovery, if the plaintiff was not guilty of contributory negligence: Per WILLIAMS, J.

Argued Feb. 16, 1892. · Appeal, No. 81, July T., 1891, by defendant, from judgment of C. P. Lebanon Co., on verdict for plaintiff, Joseph Herr and Clara, his wife, in right of said wife.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS and HEYDRICK, JJ.

Tresspass for personal injuries.

The verdict was for the plaintiff in the sum of $1,950, subject to the opinion of the court upon the point reserved, viz.: Whether there was any evidence of negligence on the part of the city to go to the jury.   The two questions submitted to the jury and their answers thereto and the other facts appear by the opinion of the Supreme Court.

Defendant's points and the answers thereto were, inter alia :

" 3. To render the city of Lebanon liable in this case for an injury by a defect in the highway it must have been the sole efficient cause of the injury, and if the jury find from the evidence that this accident to plaintiff was caused by the uncontrollable struggle of the choking horse, or from this cause concurring with a defect in the highway, then their verdict must be for the defendant, the City of Lebanon." *Answer:* "Refused.   If the injury was caused by an ordinary accident for which the plaintiff was not responsible, concurring with a defect in the highway due to the defendant's negligence, the defendant would be responsible."

" 4. That if the jury find from the evidence that the horse, from no defect in the roadbed, fell and choked, and thereby became uncontrollable and blindly plunged over the bank, and if they further find that the horse would not have turned from the way or gone over the bank but for such choking, then their verdict must be for the defendant." *Answer :* "Affirmed, if the road was in ordinary condition for ordinary travel."

" 5. Under all the evidence the verdict of the jury must be for the defendant." Refused.

*Errors assigned* were, (1–3) the answers to the above points quoting them.

*W. M. Derr*, *Frank E. Meily* with him, for appellant.—This case is ruled by Chartiers Township v. Phillips, 122 Pa. 601.

The answer to defendant's fourth point was misleading. If the absence of the barrier was not the proximate cause of the accident, as abundantly appears from the testimony of all the witnesses, then it had nothing to do with the injury, and the court should have affirmed the point unqualifiedly.

*Grant Werdman*, *Luther F. Hock* with him, for appellee, cited Jackson Township v. Wagner, 127 Pa. 195 ; Hey v. Phila., 81 Pa. 44 ; Lower Macungie Township v. Merkhoffer, 71 Pa. 276 ; Newlin Township v. Davis, 77 Pa. 317 ; Borough of Pittston v. Hart, 89 Pa. 389 ; Burrell Township v. Uncapher, 117 Pa. 363 ; Plymouth Township v. Graver, 125 Pa. 36 ; Shearman and Redfield on Negligence, 10 ; Am. & Eng. Enc. of Law, vol. 4, page 41 ; 2 Thompson on Negligence, 1063–1067–1085, § 3 ; 1087, § 4 ; 106 Mass. 458 ; 8 Am. Rep. 354 ; B. & O. R. R. Co. v. Sulphur Spring School District, 96 Pa. 65, and Phila. & Reading R. R. Co. v. Anderson, 94 Pa. 358, 359, 360.

The ruling in Chartiers Township v. Phillips was that, if the accident was solely produced by an intervening and independent cause for which the defendant was not responsible, there could be no recovery. If the injury was caused by an ordinary accident for which the plaintiff was not responsible, concurring with a defect in the highway due to the defendant's negligence, the defendant would be responsible : Wagner v. Jackson Township, 133 Pa. 61, in which case Chartiers Township v. Phillips was cited without effect.

Opinion by Mr. Justice Williams, May 16, 1892:

The plaintiff was injured by an accident happening on one of the streets of the city of Lebanon. She seeks by this action to hold the city responsible for the consequences of the accident on the ground that the proximate cause of her injury was the negligence of the city. The circumstances are told by the driver of the omnibus in which she was a passenger, and whom she called as a witness for that purpose. He says that there were

four adults besides himself in and upon the omnibus, five children and some household goods, including a sewing machine. It was drawn by one horse. The route passed up and along the side of a hill. On the upper side of the street was a high bank. On the lower side, a steep descent of several feet. There was no guard rail along the edge of the declivity. The driver describes the street as smooth, hard, twenty feet wide, and " well piked." While ascending the hill in the middle of the roadway the horse suddenly fell. It struggled to regain its feet, but failed. Whether the weight of the load in connection with the grade of the hill was too much for the strength of the horse, or the horse was choked by the harness, or taken suddenly ill, no one ventures an opinion. It continued struggling until it had moved from the middle of the street to the outer edge and then over the declivity, dragging the omnibus and its load after it. The driver was asked the question, What caused the horse to fall? He replied, " I don't know." He was then asked if the fall was not due to the fact that the horse was choked? His answer was: " I could not say." To the further question, whether he could have driven safely over the road if the horse had not fallen, he said: " Yes, sir; the road was all right, but I did not have any control over him (the horse) after he was down." The jury passed upon the same question. The learned judge requested the jury to answer, with their verdict, two written questions, viz.: Was the city negligent in not erecting a barrier at the edge of the highway? and, Was the fall of the horse caused by the negligence of the city? They answered the first question, " Yes." The second, " No." Let us accept these answers, as we should do, as correctly disposing of both questions, and as settling the fact that the city was guilty of negligence in failing to erect a barrier. It then follows that for any injury suffered by reason of the absence of the barrier, of which such absence was a proximate or efficient cause, the city would be liable. If, therefore, in the ordinary use of the street one had been crowded over the bank by the volume of the travel, by the sudden shying of his horse, or by reason of an accumulation of ice upon the roadway, the absence of the barrier might justify a recovery if the plaintiff was not guilty of contributory negligence, and so in part the author of his own misfortune. Such accidents may be said

to be a probable result of the neglect complained of. If so, the city was bound to anticipate and provide against them, and its failure to do so was negligence. But the liability so incurred does not extend to all sorts of accidents upon that street, only to those of which the negligence may be the proximate cause. The proximate cause of this action was the fall of the horse and its inability to recover. This fall was not due to the negligence of the city, for the jury have so found the fact in their answer to the questions submitted to them. When the horse fell it was near the middle of the roadway, smooth, hard, " well piked," and twenty feet wide. In its struggles to get upon its feet the driver says he could not control it. Each time that it got partly up, it fell again. It fell on the same side, and each time nearer to the edge of the bank, until at length it plunged headlong over the edge. These facts bring the case squarely within the doctrine of Chartiers Twp. v. Phillips, 122 Pa. 601. Indeed, they make a stronger case for the defendant than was made in that case. The horse went over, not in the ordinary use of the street, but because of its own inability to manage its load. It fell, and it could not get up. Such an accident is not one of the ordinary incidents or accidents of travel which the city ought to foresee and provide against. The duty of road officers is to provide roads suitable for ordinary travel, conducted in the ordinary manner, and to provide such safeguards as may be needed to meet the risks of such travel: Hey v. Phila., 81 Pa. 44; Jackson Twp. v. Wagner, 127 Pa. 184. This is the extent of their liability in this state. The same rule is held in many other states: Warner v. Holyoke, 112 Mass. 362; Chapman v. Cook, 10 R. I. 304; Keyes v. Marcellus, 50 Mich. 439; Davis v. Hill, 41 N. H. 329. The learned judge stated the general rule to the jury correctly, but he seemed to be of opinion that the neglect of the city to erect a barrier, and the failure and struggles of the horse, might be regarded as concurring causes of the accident, and the city might be required to pay for its results on that theory. This was a mistake. If two distinct causes are operating at the same time to produce a given result, which might be produced by either, they are concurrent causes. They run together, as the word signifies, to the same end. But if two distinct causes are successive and unrelated in their operation they cannot be concur-

ring.   One of them must then be the proximate, and the other
the remote, cause.   When they stand in this relation to each
other and the result to be considered, the law regards the prox-
imate as the efficient and responsible cause, and disregards the
remote.

To determine the relation which the failure of the horse in
this case bears to the negligence of the city, we must remember
that the jury has found that they bear no relation to each other;
for they said, in answer to the question of the court, that the
failure of the horse was not chargeable to the negligence of the
city.   It is therefore an independent, unrelated cause, without
which the accident would not have happened.   In was the first,
or proximate, cause in the series; the efficient and responsible
cause.

The absence of the barrier was the remote cause.   It did not
bring about, or help bring about, the accident, although it made
its consequence more serious.   It is probable that our failure to
notice the assertion of the same doctrine by the court below in
Wagner v. Jackson Township, when it was last here, that we are
now considering, may be responsible for its introduction into
this case.   On the argument of that case upon the first appeal
the important question presented was over the duties of road
officers.   When it came up again the learned judge seemed to
have followed, in his answers to the points, the rule that had
been laid down by us, and the error assigned to the general
charge escaped attention.   In the general charge the same error
was committed that appears in this case.   The jury was sub-
stantially told that the township was not bound to anticipate
or provide against such accidents as befell Mrs. Wagner in the
fright of her horse and the crushing of her wheels, yet if they
failed to anticipate and provide against them they were guilty
of concurring negligence and liable to respond in damages for
the loss sustained.   This illogical application of the rule relat-
ing to concurring negligence escaped attention.   In so far as
that subject is concerned, the case, as reported in 133 Pa. 61,
is not authority, and cannot be followed.

A road that is in suitable condition for ordinary travel, con-
ducted in the ordinary manner, does not become defective
because some extraordinary condition, not foreseen, arises, in
consequence of which it is, for the moment, too rough or too

narrow to meet all the exigencies of the situation. Whatever is so much out of the ordinary course as not to be naturally foreseen as a probable result of the condition of the highway, the road authorities are not bound to provide against; and their neglect to make such provision can be neither a proximate nor a concurring cause of the injury received in consequence of such extraordinary happening.

If the road in Jackson township was suitable and safe for ordinary travel, a traveler could ask no more. If, notwithstanding the condition of the road, a traveler was injured as the result of a series of accidents like those that befell Mrs. Wagner, and for which it is conceded the township was not responsible, viz., the fright of her horse, his sudden turn in the road, the crushing of the wagon wheel, the dragging of the axle, and the consequent pulling of the wagon out of the track and against the stone piles, it is clear that the stone piles, which did not interfere with ordinary travel on the common beaten wagon track, were not the proximate or a concurrent cause of the injury, and that the question of concurring negligence was not properly in that case.

The judgment in this case is reversed.