# Birmingham Railway, Light & Power Co. *v.* Ely.

## *Collision.*

(Decided May 1, 1913. Rehearing denied June 19, 1913.
62 South. 816.)

1. *Street Railways; Collision; Instruction.*—Where the action was for injury alleged to have been sustained in a collision between a street car and an automobile in which plaintiff was riding, a charge asserting that if the chauffeur in charge of the automobile of plaintiff was negligent in running the automobile down a hill at the time of the collision, and if this negligence on his part was the sole and proximate cause of the collision and of plaintiff's injury, the verdict should be for defendant, was proper, and its refusal error.

2. *Same; Complaint.*—The complaint examined and held to state a good cause of action as against the grounds of demurrer interposed thereto.

(Mayfield and Sayre, JJ., dissent in part.)

APPEAL from Birmingham City Court. Heard before Hon. William M. WALKER.

Action by Beatrice Ely against Birmingham Railway, Light & Power Company, for damages for injury alleged to have been sustained in a collision between a street car of defendant and an automobile in which plaintiff was riding. Judgment for plaintiff and defendant appeals. Reversed and remanded.

TILLMAN, BRADLEY & MORROW, and FRANK M. DOMINICK, for appellant. The demurrers to count 1 of the complaint should have been sustained.—*A. G. S. v. Vail*, 142 Ala. 141; *Weatherly v. N. C. & St. L.*, 166 Ala. 581; *L. & N. v. Marbury L. Co.*, 125 Ala. 237; *B. R., L. & P. Co. v. Jones*, 146 Ala. 277; *Same v. Landrum*, 153 Ala. 201; *Same v. Moore*, 163 Ala. 45; *L. & N. v. Young*, 53 South. 216. Counsel discuss assignments of error relative to evidence, but without citation of authority. The court erred in refusing charge 5 requested by defendant.—*A. G. S. v. Vail, supra.* The court also erred in refusing charge 9.—Authorities supra.

HARSH, BEDDOW & FITTS, for appellee. Count 1 was in all respects sufficient.—Sec. 5382, Code 1907; Stephens on Pleading, 41; 2 Chitty 355; 6 Enc. P. & P. 706, 723; *B. R., L. & P. Co. v. Yates*, 169 Ala. 383; *R. & D. R. R. Co. v. Farmer*, 97 Ala. 143. There was no error in permitting the question to Mrs. Ely as to whether her nervousness was increased from the effect of the collision.—*S. & N. R. R. Co. v. McLendon*, 63 Ala. 275; *B. R., L. & P. Co. v. McLain*, 50 South. 149. Charge 9 was properly refused.—6 Mayf. 109; 5 Mayf. 151; *Republic I. & S. Co. v. Williams*, 168 Ala. 619.

MAYFIELD, J.—This action is to recover damages for personal injuries alleged to have been caused by

a collision between appellant's street car and an automobile in which plaintiff was riding.

The first count of the complaint, omitting style of case and details as to character and extent of the injuries, was in the following language: "The plaintiff claims of the defendant $10,000 damages, for that, heretofore, to-wit, September 18, 1911, while the plaintiff was in a vehicle, to-wit, an automobile, upon a public street in the city of Birmingham, Ala., a collision occurred between said vehicle and a street car operated by defendant upon said public street, and as a proximate consequence of said collision plaintiff was thrown or caused to fall, was greatly shocked, was mashed, bruised, cut, and otherwise injured in her person. * * * Plaintiff alleges that defendant negligently caused or allowed said collision on the occasion aforesaid and plaintiff's said consequent injuries and damages."

The defendant demurred to this count, assigning, among others, the following special grounds of demurrer:

"(1) For that the averments of said counts are vague, uncertain and indefinite.

"(2) For that it does not appear with sufficient certainty what duty the defendant owed to the plaintiff.

"(3) For that it does not appear therefrom with sufficient certainty wherein or how the defendant violated any duty which it owed to the plaintiff.

"For that sufficient causal connection does not therein appear between defendant's said negligence and plaintiff's alleged injuries.

'For that it does not appear therein with sufficient certainty how or in what manner defendant negligently caused or allowed said collision."

The trial court overruled the demurrer, and this ruling is the first assignment insisted upon as error.

We are of the opinion that this count was subject to one or more grounds of the demurrer, and that the trial court erred in this ruling. The only negligence, actionable or nonactionable, attempted to be alleged, is that 'defendant negligently caused or allowed said collision on the occasion aforesaid, and plaintiff's said consequent injuries and damage.' The gist of this allegation is that the defendant negligently caused or allowed the collision. The negligence being alleged in the alternative, the count can be no stronger than the weakest alternative—that the defendant negligently allowed its car to collide with the automobile, and likewise allowed plaintiff to be injured. The count must be construed most strongly against the plaintiff, and it is therefore open to the construction that defendant negligently stopped its car on the street crossing, and that plaintiff willfully ran the automobile into the street car; or that defendant negligently stopped the car on the wrong side of the street, and that plaintiff thereafter, without other fault on the part of defendant, negligently or willfully ran the automobile into the street car. In neither event would the defendant be liable. If the count had alleged that the relation of passenger and carrier existed at the time, then it might have been sufficient. It would then have shown a duty owing from the defendant to the plaintiff, and a breach thereof, which proximately caused the injury; but it shows no such relation, and shows no breach of any duty, which proximately caused the injury complained of.

It is true that the count in plain and concise language alleges a collision between an automobile in which plaintiff was riding and a street car operated by the defendant, and injuries to plaintiff in consequence of the collision; but what caused the collision—whether it was an inevitable accident, or the result of some will-

ful, wanton, or negligent act of the driver of the automobile—does not appear; and hence this necessary allegation must be presumed against the plaintiff. It does not show that defendant's negligence was the proximate cause of the injury. The count does conclude with a mere conclusion of the pleader that the collision was negligently caused or allowed by the defendant. The word "negligently," as used in this count, cannot and does not perform the function or office of making the count good, if it would be bad without it. The count is very little, if any, better with the use of this word in the connection in which it is used than without the use of it. It does allege that the collision was negligently caused or allowed; but it does not show any particular act, or failure to act, which caused or allowed it. No overt act nor failure to perform any particular act causing or allowing the collision is alleged or attempted to be alleged. It merely alleges that the collision was negligently allowed. This probably shows that the action is based on negligence, and not on wantonness or willfulness; but it gives no indication of any particular act, or failure to do any particular act, which proximately caused or allowed the collision or the injuries complained of. This is entirely too general and indefinite to put the defendant on notice of what, or against which it is to defend. The defendant or its agents may have been guilty of hundreds of negligent acts of commission and of omission, and of acts without which the injury would not have resulted, and yet not be civilly liable to the plaintiff for the collision or for the injuries complained of; for the reason that these acts were not the proximate or direct cause of the injury, but only the indirect or remote cause. It may be that the defendant owed the plaintiff no duty to do or to act differently, although its acts were negligent,

in which case the defendant would not be liable, either because its negligence was not the proximate cause of the injury, or because it owed the plaintiff no duty to act otherwise. All negligence is not actionable. A man or a corporation may be guilty of negligence caus- ing injury, and yet not be liable in damages for such injury. To render him liable it must have been action- able negligence; that is, the breach of a duty which he owed to the person injured, and it must have proxi- mately caused the injury. It must have been the causa causans, not merely the causa sine qua non.

It is said in Sherman & Redfield on Negligence, § 3, that negligence, to constitute a cause of action, must be such an omission, by a responsible person, to use that degree of care, diligence, and skill which it was his le- gal duty to use for the protection of another person from injury as in a natural and continuous sequence causes unintended damage to the latter. As an illus- tration of this rule the text says, if a complaint against a common carrier should confine itself to an averment that the defendant had neglected to use ordinary care or that it was guilty of negligence in the carriage or the delivery of the goods, it would be bad without alleging that the defendant was a common carrier, or something equivalent thereto; that merely alleging that defendant was negligent, and that damages resulted to plaintiff, is not sufficient; facts must be alleged which show a duty or obligation and a breach thereof. It is said in all the texts and decisions upon the subject that there are various definitions of actionable negligence; but the authorities all agree that the word "negligence," when used in its legal sense, must obviously exclude all acts and omissions which do not violate any legal obli- gation or duty. If the defendant owed no duty, there can be no legal or actionable negligence. If he did owe

a duty, but not to the person injured, then his negligence is not actionable. The complaint must state facts sufficient to show what the duty is, and that the defendant owed it to the plaintiff, not to some other person. It ought to be kept in mind in framing complaints for negligence that no action can be maintained upon an act of negligence alone, unless the breach of duty alleged is also alleged or shown to be the cause of the damage suffered. The mere fact or allegation that a defendant has been guilty of negligence followed by an accident resulting in injury does not make the defendant liable for the resulting injury. The connection of cause and effect direct must be alleged, and the defendant's breach of duty, not merely his negligent act, must be alleged, which shows the duty and the breach thereof. It is not sufficient to allege the duty or the negligence in words, but facts must be alleged which show the duty and the breach thereof, and damages proximately resulting therefrom.

The negligence of the defendant may only put a temptation in the way of a third party to commit a wrong which results in the injury of the plaintiff; but this alone does not make the defendant liable. The breach of duty alleged must not only be the cause, but it must be the proximate cause of the damage alleged. If an original act is negligent and wrongful, and will naturally, according to the usual and ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other causes which are not wrongful, but proper, the injury is then referred to only the wrongful cause, passing by those which are innocent; but, if the original wrongful or negligent act becomes injurious only in consequence of the intervention of some other distinct wrongful or negligent act, the injury must

then be imputed to the last wrongful act as the proximate cause, and not to the first, which is more remote, and which probably would not have so resulted but for the last wrongful or negligent act. The rule is thus accurately stated by Judge Cooley, in his work on Torts, p. 69: "In the case of any distinct legal wrong, which in itself constitutes an invasion of the right of another, the law will presume that some damage follows as a natural, necessary, and proximate result. Here the wrong itself fixes the right of action; we need not go further to show a right of recovery, though the extent of recovery may depend upon the evidence. (2) When the act of omission complained of is not in itself a distinct wrong, and can only become a wrong to any particular individual through injurious consequences resulting therefrom, this consequence must not only be shown, but it must be so connected by averment and evidence with the act or omission, as to appear to have resulted therefrom according to the ordinary course of events, and as a proximate result of a sufficient cause."

Few subjects have given courts more trouble than the one of "proximate cause" as applied to negligence cases. The difficult question has been to determine what is and what is not the proximate cause of a given injury. As pointed out by text-writers and decisions, confusion and uncertainty has resulted from a failure to observe the legal, if not the literary, distinction between conditions and causes. Mr. Wharton, in his able work on Negligence, speaking to this particular subject, says (page 89): "At this point emerges the distinction between conditions and causes, a distinction the overlooking of which has led to much confusion in this branch of the law. What is the cause of a given phenomenon? The necessitarian philosophers who logically treat all the influences which lead to a particular

result as of equal importance, and who deny the spontaneity of the human will, tell us that the cause is the sum of all the antecedents. Thus, for instance, a spark from the imperfectly guarded smokestack of a locomotive sets fire to a haystack of a neighboring field. What is the cause of the fire? The sum of all the antecedents, answers Mr. Mill, the ablest exponent of the necessitarian philosophy. Apply this concretely, and it would be difficult to see how any can be excluded from taking a place among the causes by which the fire in question is produced. Certainly we must say that either if the railroad in question had not been built (an event depending upon an almost infinite number of conditions precedent, among which we can mention the discovery of iron, of steam, and of coal), or the haystack in question had not been erected (to which there is almost an infinite number of necessary antecedents, the failure of any one of which would have caused the failure of the haystack), no fire would have taken place. The law, however, does not concern itself with refinements such as these.'

The law cannot undertake to trace back the chain of causes indefinitely, for it is obvious that this would lead to inquiries far beyond human power and wisdom —in fact, infinite in their scope. It therefore stops at the first link in the chain of causation, and looks only to the person who is the proximate cause of the injury. Sherman & Redfield on Negligence, § 9. The general rule is that the damage to be recovered must be the natural and proximate consequence of the act complained of.—2 Greenl. Ev. 256. "It is not enough if it be the natural consequence; it must be both natural and proximate."—Per Byles, J., in 8 C. B. (S. S.) 665. To maintain an action for special damages, they must be the legal and natural consequences arising from the

tort, and not from the wrongful act of a third party remotely induced thereby.—*Crain v. Petrie*, 6 Hill (N. Y.) 522, 41 Am. Dec. 765. It is true that where the injury results from the negligence of several persons, differing only in degree, each will be held responsible for the entire damages resulting therefrom; but, where the injury immediately results from the act of one of the parties, the other, though blamable, cannot be held liable for it, unless his conduct is so connected with the act of the former that it may be said to have been the cause of it. Cases may be stated where the wrongful conduct of one person affords the opportunity or occasion for the illegal act of another, or for an injury from other causes. In such cases the injury is too remote to sustain an action for the recovery of damages. "A. places a log in the highway, which B. casts into an adjoining close, or puts an obstruction upon the sidewalk, which passersby throw into the roadway of the street, and a traveler is injured by coming in contact with it. A. cannot be held for the trespass in the one case, nor for the injury in the other."—*Cuff v. Newark & N. Y. R. R. Co.*, 35 N. J. Law, 30, 33, 10 Am. Rep. 205. If two causes operate at the same time to produce a result which might be produced by either, they are concurrent causes, and in such case each is a proximate cause, but, if the two are successive and unrelated in their operation, one of them must be proximate and the other remote.—*Herr v. City of Lebanon*, 149 Pa. 222, 24 Atl. 207, 16 L. R. A. 106, 34 Am. St. Rep. 603. As an illustration of concurrent causes, where lumber was negligently piled, and remained a long time in that condition, and was caused to fall by the negligence of a stranger, the negligence in piling concurring with the negligence of the stranger was the direct and proximate

cause.—*Pastene v. Adams,* 49 Cal. 87; Bouvier's Law Dict. 294.

Applying these principles of law to the allegations of the count in question, it is apparent that the count is insufficient. If it could be said that it shows negligence on the part of the defendant, the facts alleged show neither a duty breached, nor that the negligence complained of was the proximate cause of the injury complained of. In order to support such general averments of negligence as are found in this count, some relation such as passenger and carrier must be shown to have existed, or there must be some statute providing that a prima facie case is made against the defendant, on the showing of such state of facts, as against railroads for injuries to animals on its track, or other special case as the setting out of fire by an engine, where the presumptions of law will render allegations of the facts unnecessary. This distinction was at an early date pointed out by this court, and made clear by illustrations in the case of *Ensley Railway Company v. Chewning,* 93 Ala., 26, 9 South. 459. It was there said: "A general averment of negligence has been held sufficient, when the complaint averred that the plaintiff sustained the relation of passenger to the railroad company, or was an infant of tender years, not capable of contributory negligence, or that the injury was to stock.—*L. & N. Railroad Co. v. Jones,* 83 Ala. 376 [3 South. 902]; *Mobile & Montgomery Railway Co. v. Crenshaw,* 65 Ala. 566; *S. & N. Ala. R. R. Co. v. Thompson,* 62 Ala. 494. The statement of either of the foregoing facts has been regarded as a sufficient averment of facts showing the duty to act; but in no case, except in *Alabama & Florida R. R. Co. v. Waller,* 48 Ala. 459, has a general averment of simple negligence been held sufficient, when not accompanied by an averment of

facts from which the duty originates. In that case the death of the plaintiff's intestate resulted from a collision. The complaint, as in this case, did not state that the decedent was a passenger or employee or had any connection with the railroad company. The ruling that the complaint contained a proper statement of facts was based on the erroneous principle that the collision itself and the consequent death of the plaintiff's intestate were facts sufficient to create a presumption of negligence, for which the defendant was responsible." The *Waller Case* was for this reason overruled by *Chewning's Case*. The former was a parallel case to the one in hand.

A principle of law and pleading often overlooked or disregarded by pleaders in negligence cases is that instead of stating the facts which show the relations of the parties, or the duties which the one owes the other, or which show that the injury complained of was proximately caused by the negligence complained of, they attempt to state the cause of action by stating the conclusions merely, or, attempting to avoid this error, they run into another as bad, of stating the evidence by which they hope to prove the facts which will support the desired conclusions. If pleaders would remember that pleadings, as a rule, should state the facts of the case only, and not the conclusions of the pleader, nor the evidence or proof by which it is proposed to establish the facts, much of the trouble of pleadings would be avoided. These are two common and grave errors of pleaders. In negligence actions, as the authorities agree, a duty, and a breach thereof, must be shown; but it must be shown by simply alleging the facts which, aided by the law, create the duty. It is not sufficient to allege, merely as a conclusion of the pleader, that the duty existed, and was breached, but the facts

only must be stated, which create the duty. "The decisions, observes Lord Campbell, show that the allegation of duty in a declaration is in all cases immaterial, and ought never to be introduced, for, if the particular facts set forth raise the duty, the allegation is unnecessary, and, if they do not, it will be unavailing. If the particular facts stated in the declaration do not raise the duty, it cannot be established by other facts not stated. The declaration, therefore, must stand or fall by the facts stated. Negligence creates no cause of action unless it expresses or establishes some breach of duty."—2 Add. Torts, § 1338. It is a mistake to suppose that code pleadings were intended to dispense with any averments necessary to state a cause of action; they were only intended to dispense with unnecessary ones, and to make pleadings simple and certain. To this end section 5321 of our Code provides: "All pleadings must be as brief as is consistent with perspicuity, and the presentation of the facts, or matter to be put in issue, in an intelligible form; and no objection can be allowed for defect of form, if facts are so presented that a material issue in law or fact can be taken by the adverse party thereon." To provide against the other error, of stating the evidence, which pleaders at common law were prone to commit, section 5322 of the Code provides: "If any pleading is unnecessary prolix, irrelevant, or frivolous, or unnecessarily repeated, it may be stricken out at the cost of the party so pleading, on motion of the adverse party; and any pleading which conforms substantially to the schedule of forms in this Code is sufficient." It will be observed that these statutes provide for the statement of the simple facts merely which create the cause of action, and against stating the evidence by which the facts are to be proven; but they do not authorize the

statement of mere legal conclusions.—*Quarles v. Campbell*, 72 Ala. 64. The Code thus says do not allege conclusions, nor evidence, but facts only.

There was no error in allowing the question propounded to plaintiff on her redirect examination: "Mrs. Ely, Mr. Dominick asked you whether or not you were nervous before that time. Did that collision, being knocked unconscious, improve that nervousness or increase it?" The only objection insisted on in brief of counsel was that the question called for "an unauthorized conclusion of the witness." The question was proper at this stage of the trial; the plaintiff had been cross-examined for the purpose of showing that she was nervous before, as well as after, the collision. It was therefore proper to show whether there was any change in her condition after the shock, and, if so, what it was. This is all the question called for, and it was therefore quite proper. There was likewise no reversible error in allowing the question propounded to the witness Dangerfield touching in what distance the motorman had stopped the car. The question was asked the witness as an expert, and he was shown to be an expert. The more orderly way would have been to first show that he was an expert; but showing it afterwards without dispute cured the error. If the court's definition of "wantonness" was inaccurate, or not clearly expressed, it affirmatively appears that this error was subsequently corrected, and all its misleading tendencies removed, by subsequent instructions.

There was no reversible error in refusing defendant's charge 2, which was as follows: "The court charges the jury that if, after a fair and full consideration of all the evidence, it leaves your minds in a state of uncertainty and confusion as to who should recover in this case, and does not reasonably satisfy you that

the plaintiff should recover then you should return a verdict for the defendant." It is probable—though we do not so decide—that the charge could be given without committing reversible error, but it is certain that in this case it was not reversible error to refuse it, for the reason that it finds substantial duplicates, in other requested charges which were given. Similar charges were held good in the *Saxon Case,* 179 Ala. 136, 59 South. 593. That case, however, and similar charges on this particular question, have been reviewed fully by this court in a recent case.—*A. G. S. R. R. Co. v. Robinson, Infra,* 62 South. 816, and we refer to it for our views on this subject.

What we have said of charge 2 disposes of the next assignment of error relating to the refusal of charge 4.

Charge 5, refused to the defendant, was as follows: "If the jury believe from the evidence that the plaintiff's injuries resulted in consequence of a wrongful act or omission on the part of the motorman in charge of defendant's car, but only through or by means of some negligence on the part of the negro chauffeur in charge of the auto in which plaintiff was riding, from which last negligence the injury followed as a direct and immediate consequence, then plaintiff's injuries should be referred to the negligence of the negro chauffeur, and should not be traced to the negligence of defendant's motorman." This charge asserted a correct proposition of law, and it was not abstract, as applied to the evidence in this case. It could not be refused on the ground that it attempted to hold plaintiff answerable for the contributory negligence of the driver of the auto in which she was riding. It asserted the proposition of law—and that only—that if plaintiff's injuries were proximately caused by the negligence of the chauffeur, and not by the negligence of the defendant's

[Birmingham Railway, Light & Power Co. v. Ely.]

motorman, then the injury should be referred to the proximate, and not to the remote, cause. A similar charge was held proper in the case of *Alabama Great Southern Railroad Company v. Vail*, 142 Ala. 141, 38 South. 124, 110 Am. St. Rep. 23.

Charge 9 was likewise a proper charge, as applied to the evidence in this case, and its refusal was error. This charge was as follows: 'If the jury believe that the negro chauffeur in charge of the automobile in which plaintiff was riding was negligent in running the automobile down the hill at the time of the collision between it and defendant's street car, and that this negligence on his part was the sole proximate cause of the collision and plaintiff's injury, then you should find a verdict for the defendant." If the facts hypothesized in this charge were found to exist by the jury, and the charge left the question to them, and there was evidence from which the jury could so find, the defendant was not liable, and the jury should have been so instructed.

We find no substantial duplicate of these charges. Other charges like these were given, but in each of them negligence of the chauffeur was confined to one particular act of negligence, as for excessive speed, or reckless running of the car, but did not cover all the tendencies of the evidence as did these two charges. If these two refused charges had been given, they would have covered the given ones, but the given ones do not fully cover the refused ones. The other charges refused were confused and misleading.

Reversed and remanded. All the Justices (except DOWDELL, C. J., not sitting) concur in the reversal.

ANDERSON, MCCLELLAN, SOMERVILLE, and DE GRAFFENRIED, JJ,. think count 1 was sufficient. SAYRE, J.,

thinks the count bad, but that its defect was not sufficiently pointed out by the demurrer.

McCLELLAN, SOMERVILLE, and DE GRAFFENRIED, JJ., think charge 5 was properly refused.

All the Justices (sitting) agree that charge 9 was good, and that it was error to refuse it.