# Carter *v.* The State.

## *Murder.*

(Decided February 11, 1915.   67 South. 981.).

1. *Homicide; Degree; Evidence; Jury Question.*—Where the evidence for the state tended to show that the homicide was unjustifiable, and defendant's evidence tended to establish an alibi, the question as to whether or not defendant was guilty of murder in the first degree was for the jury.

2. *Same; Dying Declaration.*—Where the preliminary proof tended to show that the statement of decedent was made under the consciousness of impending death, the statement is properly admitted as a dying declaration.

3. *Same; Impeachment.*—A dying declaration may be impeached just as if the declarant had testified as a witness in the case.

4. *Same.*—An inquiry propounded on cross-examination as to whether decedent, whose dying declaration was in question, would have been entitled to belief as a witness, was improperly excluded, notwithstanding witness had not testified on his examination in chief relative to decedent's reputation or character.

5. *Witnesses; Cross-Examination; Discretion.*—The discretion vested in the court to regulate the cross-examination of a witness does not justify a requirement that the cross-examiner shall make a witness his own before eliciting from him testimony tending to impeach the declarant, the witness having testified as to the dying declaration.

6. *Appeal and Error; Harmless Error; Evidence.*—Although other witnesses testified that the declarant's general character and reputation for truth and veracity was bad, and that he would not have been entitled to belief in a court of justice, the exclusion of a question propounded to a witness who testified to the dying declaration, inquiring whether the declarant would have been entitled to belief as a witness, cannot be said to be harmless, and requires a reversal.

7. *Same; Waiver of Error.*—The fact that defendant failed to call a witness as his own in respect to declarant's unworthiness of belief, was not a waiver of error in previously excluding a question propounded on cross-examination to a witness introduced by the state, which witness had testified to a dying declaration, inquiring whether such declarant would have been entitled to belief as a witness.

APPEAL from Conecuh Circuit Court.

Heard before Hon. A. E. GAMBLE.

Marvin Carter was convicted of murder in the first degree and he appeals. Reversed and remanded.

[Carter v. The State:]

JAMES A. STALLWORTH, for appellant.

W. L. MARTIN, Assistant Attorney General, and T. H. SEAY, Assistant Attorney General, for the State.

McCLELLAN, J.—(1) The appellant has been adjudged guilty of murder in the first degree. The victim was one Lett. The state's theory was that the homicide was of an entirely unjustifiable character. The defense was a denial of any participation of any kind, in the killing of Lett, by the accused; an alibi being offered to sustain his denial. Manifestly the question of guilt vel non was for the jury, under the evidence.

(2, 3) The substance of a dying declaration said to have been made by Lett, under affirmatively proven consciousness of his impending dissolution, was admitted in evidence. There is no room for argument against the propriety of the action of the court in admitting to the jury the matter of the dying declaration. The predicate was satisfactorily laid to allow the admission in evidence of all the declarant said descriptive of the circumstances attendant upon and surrounding his version of the tragedy. Where a dying declaration is properly admitted in evidence, it may be discredited or impeached just as if the declarant had testified as a witness in the proceeding. So it is competent to allow the declarant's credibility to be inquired into, his reputation for truth and veracity, and whether he would, if testifying as a witness in that behalf, be worthy of belief, in a court of justice.—21 Cyc. pp. 993, 994; Ency. on Evi. p. 1015; Carver v. U. S., 164 U. S. 694, 697,, 17 Sup. Ct. 228, 41 L. Ed. 602; Lester v. State, 37 Fla. 382, 20 South. 232; Gambrell v. State, 92 Miss. 728, 46 South. 138, 17 L. R. A. (N. S.) 291, 131 Am. St. Rep. 549, 16 Ann. Cas. 147.

[Carter v. The State.]

(4) The witness McCrory was called by the prosecution. He testified to a declaration by Lett, who had told him he was going to die. On cross-examination the witness testified, without objection, that Lett's general reputation and his reputation for truth and veracity were bad. He was then asked whether Lett would have been entitled to belief as a witness, in a court of justice. The state's general objection to the question was sustained. Perhaps the trial court entertained the opinion that the injection of the inquiry made by the question was not in order under a proper cross-examination; that it should have come on the defendant's initiative, the witness not having testified on his examination in chief in reference to the particular matter of Lett's reputation or character. If this was the ground of the court's ruling, it consisted with the quotation from *Phil. R. R. Co. v. Stimpson,* 14 Pet. 448, 461, 10 L. Ed. 535, made in our case of *Toole v. Nichol,* 43 Ala. 406, 419. That statement of doctrine is not the rule established in this jurisdiction. In *Fralick v. Presley,* 29 Ala. 457, 461, 65 Am. Dec. 413, it was said: "This court decided in the case of *Kelly v. Brooks,* 25 Ala. 523, that the party against whom a witness has been introduced and examined in chief has a right to examine him 'fully as to his knowledge touching any and all facts material to the case.' We think the rule thus laid down is sustained by principle and a preponderance of authority."

The *Stimpson Case, supra,* is there cited as sustaining the announcement made; but in this particular the pertinent doctrine of that case was evidently misunderstood. Nevertheless, we take the rule to be correctly stated in *Fralick v. Presley;* and its soundness, in principle, is further vindicated by the considerations stated and the pertinent rulings made in *Amos' Case,* 96 Ala. 120, 125, 11 South. 424; *Johnson v. Armstrong,* 97 Ala.

731, 735, 12 South. 72. The state of the law in this re-
lation, elsewhere prevailing, may be seen by reference
to Jones on Evi. (2d Ed.) § 820, and notes; *People
v. Barker,* 60 Mich. 277, 27 N. W. 539, 1 Am. St. Rep.
501, 517, 518; 3 Ency. of Evi. p. 816 et seq. The rul-
ing actually made in *Toole v. Nichol, supra,* was in-
vited by the inquiry whether a witness summoned by
the opposite party, but not examined, could, as a mat-
ter of right in the other party, be cross-examined. It
was well there held that no such right of cross-exam-
ination existed.

(5) But the exercise of the right to cross-examine
is subject to the control of the trial court's sound dis-
cretion.—*Huntsville Ry. Co. v. Corpening,* 97 Ala. 681,
687, 12 South. 295. While it (the right) cannot be de-
feated or denied, the trial court may, within sound dis-
cretion, regulate the exercise of the right, particularly
as to the time and method for the exercise of the right.
That the exercise of this sound discretion vested in
the trial courts in this connection will not justify the
imposition on the proposed cross-examiner of the condi-
tion that, in respect of the matter of this inquiry, he
should make the witness his own, thus concluding him
from discrediting the witness, is plainly ruled in *John-
son v. Armstrong, supra.*

So the trial court erred in disallowing the question
propounded to the state's witness McCrory on his cross-
examination, whereby the defendant sought to show
that Lett, if he had testified as a witness, would not
have been entitled to belief in a court of justice.

(6, 7) Was the error thus made without prejudice
to the defendant? He was allowed, during the progress
of the adduction of his testimony, to show, by a number
of witnesses, that Lett's general character and his rep-
utation for truth and veracity were bad; and that he

would not have been entitled to belief in a court of justice. No witnesses were offered by the state to contradict this feature of the evidence presented by the defendant. Notwithstanding this state of the evidence on the issue of Lett's character, we cannot affirm that the error stated was innocuous. The effect of the error thus committed was not averted by the defendant's failure to call McCrory as his witness in respect of Lett's unworthiness of belief in a court of justice.—*Johnson v. Armstrong, supra.* For this error the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.