256 So.2d 877

Roxie SHEPHERD

v.

GARDNER WHOLESALE, INC.

6 Div. 831.

Supreme Court of Alabama.

Jan. 13, 1972.

Nolen & Enslen, Fayette, Fite, Davis & Fite, Hamilton, for appellant.

Bankhead, Petree & Savage, Jasper, for appellee.

McCALL, Justice.

The appellant, Roxie Shepherd's, action against the appellee, Gardner Wholesale, Inc., an Alabama corporation, is in simple negligence for alleged serious physical injuries that she suffered in a fall. While a pedestrian on a public sidewalk, she tripped on a raised concrete slab that formed the foundation of a business building of the appellee Gardner Wholesale, Inc., that abutted the sidewalk at a street corner. The evidence is in dispute as to whether or not the raised slab extended onto the public sidewalk.

The jury returned a verdict in favor of the appellee Gardner Wholesale, Inc., and the court duly entered judgment thereon. The plaintiff-appellant appeals from this judgment and from the judgment of the court denying and overruling her motion to set aside the verdict and grant her a new trial.

This slab over which the plaintiff stumbled was raised perpendicular to and three or four inches above the level of the sidewalk. Its apex fitted with and joined into the angle formed by the intersecting sidewalks at the street corner.

■ The appellant's assignment of error two is that the trial court erred in refusing to sustain her objection to the following question: "I don't believe you told us what your employment is over there?" This was propounded to her son, George Hassell Shepherd, on cross-examination. The objection is also the subject of appellant's assignment of error one. These two assignments are argued together in appellant's brief. The witness' response was: "I am involved in Industrial Relations, Personel (sic) work." We will treat the question as calling on the witness to state his employment, and we do not think that it was improperly allowed.

■ Such a question, while not directly related to relevant matter, may be allowed. Questions to a witness directed toward aid-ing the jury in setting a proper estimate on the testimony of a witness are preliminary in their nature and, as a general rule, may be properly asked, as, for example, questions which relate to the age of the witness, his residence, his occupation, and his condition in life. 98 C.J.S. Witnesses § 344, p. 56.

In Boyette v. Bradley, 211 Ala. 370, 100 So. 647, plaintiff's witness testified that he was a passenger on a street car which collided with plaintiff's automobile; that the street car was running about 40 miles per hour racing with a jitney; that he did not see the automobile before it was hit but saw it afterwards. On cross-examination over the plaintiff's objection, the witness was asked and permitted to testify to what jobs he had had other than those that he had already testified about. Reviewing the issue, the Supreme Court held that the witness was properly cross-examined citing Ex parte State, 199 Ala. 255, 74 So. 366; Amos v. State, 96 Ala. 120, 11 So. 424; Carter v. State, 191 Ala. 3, 67 So. 981; Smith v. S. H. Kress & Co., 210 Ala. 436, 98 So. 378.

The Supreme Court of the State of Washington in the case of Lankford v. Tombari, 35 Wash.2d 412, 421, 213 P.2d 627, 632, 19 A.L.R.2d 462, said:

"* * * it is always proper to establish a witness' background and to place him in his setting by asking him what he is doing and what he has done for a living. Simonson v. Huff, 124 Wash. 549, 553–554, 215 P. 49. * * *"

■ The appellant contends that the answer revealing that Mr. Shepherd was involved in Industrial Relations, Personnel Work, for Manhattan Industries of New York, representing management in negotiating strikes, was highly prejudicial to appellant's case, because two of the jurors trying her case, together with their companies, had had difficulties with the union. We fail to see how such could prejudice the appellant. Her son and the two jurors

were aligned on the same side representing management in labor relation matters. We find no error under assignments of error one and two.

Under appellant's assignments of error three and five, she attacks the validity of two written charges that were requested by the appellee and given by the court. We agree that these charges misstate the law to the prejudice of the appellant, and giving them necessitates a reversal of the case. These charges, which are neither numbered or otherwise identified, read as follows:

"The Court instructs the Jury that if you are reasonably satisfied from all the evidence that the negligence of the Defendants was not the sole proximate cause of the injuries of Roxie Shepherd, then your verdict must be for the Defendants."

"The Court instructs the Jury that the burden of proof is upon the Plaintiff to show that the sole proximate cause of the injuries of Plaintiff was the result of the negligence of the Defendants; if you are not reasonably satisfied from all the evidence that Plaintiff has proven that the negligence of the Defendants was the sole proximate cause of the injuries of Roxie Shepherd, then your verdict must be for the Defendants."

Gardner Wholesale, Inc., was the only remaining party defendant when these charges were requested and given. The other defendants had been stricken.

The wording of these two charges is unmistakenly clear. The appellee's first charge simply tells the jury that its verdict must be for the defendants, if the defendants' negligence was not the sole—single—proximate cause of the plaintiff's injuries. If the concurring negligence of another agency was also a proximate cause of the injuries, the defendant's negligence could not be the sole proximate cause, nonetheless, the jury is directed to return a verdict against the plaintiff.

In Chambers v. Cox, 222 Ala. 1, 3, 130 So. 416, 418, we said:

"* * * 'As a general rule, it may be said that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plaintiff's fault, is the proximate cause of the injury.' * * *"

To illustrate the point, made by the objection to this charge, we quote from Birmingham Ry., Light & Power Co. v. Ely, 183 Ala. 382, 391, 62 So. 816, 819, wherein the court said:

"* * * If two causes operate at the same time to produce a result which might be produced by either, they are concurrent causes, and in such case each is a proximate cause, but, if the two are successive and unrelated in their operation, one of them must be proximate and the other remote. Herr v. City of Lebanon, 149 Pa. 222, 24 A. 207, 16 L.R.A. 106, 34 Am.St.Rep. 603. As an illustration of concurrent causes, where lumber was negligently piled, and remained a long time in that condition, and was caused to fall by the negligence of a stranger, the negligence in piling concurring with the negligence of the stranger was the direct and proximate cause. Pastene v. Adams, 49 Cal. 87; Bouvier's Law Dict. 294."

■ So also in this case, negligence may have existed on the part of others which concurred with the alleged negligence of the appellee to proximately cause the appellant's injury. To recover, the negligence, causing the appellant's injury in this case, need not be the sole proximate cause of her injury, but only its proximate cause, if she was free from negligence contributing thereto. The charge misstates the law and giving it requires a reversal of the case.

■ The second quoted charge is bad also and giving it constituted error to re-

48

verse. The charge is more emphatic than the first charge, because it states that the plaintiff carries the burden of proving that the sole proximate cause of her injuries was due to the defendant's negligence. This charge placed an undue burden of proof on the appellant. It instructs the jury in effect that any wrongful acts or omissions on the part of others which proximately caused the plaintiff's injuries would exonerate the appellee of all negligence.

The appellant assigns as error number four, the court's giving the following written charge to the jury at the request of the defendant:

"I charge you, members of the jury, that if you are reasonably satisfied from the evidence that the Plaintiff, Roxie Shepherd, did not exercise reasonable care for her own safety, then she is guilty of contributory negligence and you must find for the Defendants."

Such a charge has been condemned and its giving held to be reversible error, because it fails to hypothesize that the negligence, asserted as a bar to recovery by the plaintiff, proximately contributed to her injury. Negligence in order to defeat recovery under a plea of contributory negligence must be a concurring proximate cause of the injury and not merely a remote or antecedent cause or condition. Zemczonek v. McElroy, 264 Ala. 258, 86 So.2d 824.

The appellant's seventh assignment of error relates to a similar charge as that objected to in her fourth assignment, that is, it fails to hypothesize the plaintiff's negligence as proximately contributing to her alleged injuries. In Terry v. Nelms, 256 Ala. 291, 293, 54 So.2d 282, 284, where numerous supporting authorities are cited, we said:

"The consistent holding of this court has been that error to reverse must be pronounced in such a misdirection to the jury. McCaa v. Thomas, supra [207 Ala. 211, 92 So. 414]; Dudley v. Alabama Utilities Service Co., supra [225 Ala. 531, 144 So. 5]; Newsome v. Louisville & N. R. Co., supra [20 Ala.App. 349, 102 So. 61]; Seaboard A. L. Ry. Co. v. Laney, 199 Ala. 654, 75 So. 15; Thompson v. Duncan, 76 Ala. 334; Carter v. Ne-Hi Bottling Co., 226 Ala. 324, 146 So. 821; Brooks v. Rowell, 222 Ala. 616, 133 So. 903; Kelly v. Hanwick, supra [228 Ala. 336, 153 So. 269]."

The appellee cites Alabama Power Co. v. Smith, 273 Ala. 509, 142 So.2d 228, as holding that charges which fail to mention proximate cause are merely incomplete and misleading, and may be clarified by requested explanatory charges. The appellee contends that giving such a charge does not constitute reversible error where subsequent or other charges state that the defendants would not be liable unless the alleged negligence was the proximate cause of the resulting death. The two charges, Nos. 12 and 13, in the *Smith* case, supra, which omit any mention of proximate causation, instruct the jury that the master is responsible or liable for the negligence of his employees' acts, committed within the line and scope of their employment. The defendants complained that the charges omitted the element of proximate cause. It should be noted that neither charge in that case instructed the jury to find a verdict against the defendants or in favor of the plaintiff. The two charges simply tell the jury that the master is responsible or liable for the negligent acts of his servant, committed in the line and scope of his employment. The court said in that case that such a charge is but the statement of an elementary principle which applies to most every tort action, where the wrong is committed by an agent of the defendant, and the charges contain no misstatement of the law. The court commented that if the two charges be deemed incomplete and, therefore misleading, proper explanatory charges should have been requested. And, in L. & N. R. R. Co. v. Glascow, 179 Ala. 251, 261, 60 So. 103, the court said that re-

quested instructions which merely charge as to what would constitute negligence, and do not instruct a finding for the plaintiff are not bad for pretermitting that the negligence must have been the proximate cause of the injury. In 65A C.J.S. Negligence § 290a, p. 1023, it is stated:

"An omission to charge on proximate cause with reference to particular negligent acts alleged is not error where the particular instruction is confined to the issue of negligence and does not purport to cover the question of proximate cause, * * *"

█ The two charges under consideration in the instant case present an entirely different situation from that in Alabama Power Co. v. Smith, supra. The charges here direct a finding against the plaintiff, if the jury is reasonably satisfied from the evidence that she was guilty of contributory negligence without regard to whether that negligence was a concurring proximate cause of the plaintiff's injuries. A charge of this nature, omitting the word "proximately" is so fatally defective, that its giving, where there is a jury question presented, is error to reverse. Zemczonek v. McElroy, supra.

The precedent has also been established that error in giving such an erroneous charge is not cured by the court's oral charge, or by other special charges, given at the request of the defendant properly instructing the jury that only such negligence as proximately contributes to the injury can be considered. Birmingham Ry., Light & Power Co. v. Seaborn, 168 Ala. 658, 53 So. 241; Roberson v. State, 183 Ala. 43, 62 So. 837; Ala. T. & N. R. R. Co. v. Huggins, 205 Ala. 80, 87 So. 546; Birmingham Ry., Light & Power Co. v. Hunt, 200 Ala. 560, 76 So. 918; Terry v. Nelms, 256 Ala. 291, 293, 54 So.2d 282. As said in Alabama Power Co. v. McIntosh, 219 Ala. 546, 551, 122 So. 677, 681:

"A written charge misstating the law of the case on controlling issues therein is not cured by oral instructions correctly stating the law. No one can tell which of two contradictory instructions the jury has followed."

The written charge which was given at the request of the appellee and is the basis of the appellant's sixth assignment of error reads as follows:

"I charge you, members of the Jury, that a person walking upon a sidewalk is under a duty to make reasonable use of the sense of sight and see what ordinary vision would disclose."

█ This charge is in language similar to the defendant's charge 25 given by the court in Jacks v. City of Birmingham, 268 Ala. 138, 105 So.2d 121 and charge 2 given at the request of the defendant in the case of Bailey v. City of Mobile, 277 Ala. 111, 167 So.2d 294. In both of these cases the court held that it was not reversible error to give such a charge. In the instant case, the evidence is to the effect that the appellant was suffering from failing vision with cataracts in her eyes, out of which she had 20/100 with her right eye and 20/80 with her left eye. While the law requires a pedestrian to make reasonable use of his sense of sight, a person with impaired vision is not required to see what a person with normal vision could see. Such would be impossible, and one is not guilty of negligence by using the public sidewalks with the physical inability to see what a person with normal vision can see. A person laboring under a physical disability such as defective vision is not required to exercise a higher degree of care to avoid injury than is required of a person under no disability. Ordinary care to protect himself from injury is all that is required of him. Ordinary care in the case of such a person is such care as an ordinarily prudent person with a like infirmity would have exercised under the same or similar circumstances. 65 C.J.S. Negligence § 142, pp. 172–173. We think the charge in question instructs the jury that a

**50**

pedestrian on a public sidewalk owes a duty to himself to exercise ordinary care for his own safety by the reasonable use of his sense of sight, and that this duty requires such a person to look ahead with his eyes open, and to see what his ordinary vision would necessarily see, unless his attention is distracted for good cause. Bailey v. City of Mobile, supra. The charge was given without error.

 As stated by the appellee in its brief, the evidence was in conflict as to whose property the concrete slab rested on at the place where the appellant fell, that is, on the public sidewalk, or on the appellee-defendant's property. The subject of the appellant's assignment of error eight is giving the appellee's written charge relating to the duty owed by a landowner to an invitee. The charge ignores the issue in dispute, and erroneously assumes as a fact that the appellant was an invitee on the appellee's premises at the time she was injured. A charge is bad which fails to hypothesize a disputed fact. The jury must be reasonably satisfied as to its existence under the evidence, and, if for no other reason than this, the court erred in giving this charge. See Mobile City Lines, Inc. v. Proctor, 272 Ala. 217, 225, 130 So.2d 388, 395, where the court said:

"* * * If there is any conflict in the testimony, or if the testimony is of such indeterminate character as that inferences must be drawn to make up its completeness, then such fact, or assumed fact, cannot be given in the charge without hypothesis. Carter v. Chambers, 79 Ala. 223; Grammer v. State, 239 Ala. 633, 196 So. 268."

The judgment of the trial court is therefore reversed, and the case remanded for another trial.

Reversed and remanded.

HEFLIN, C. J., and COLEMAN, HARWOOD and BLOODWORTH, JJ., concur.