This wrongful death medical malpractice case was tried to a jury, which found for the defendants. Plaintiff, as administratrix of the estate of Charles W. Henry, appealed. An autopsy revealed that Mr. Henry died of pneumococcal meningitis.
The thrust of the plaintiff's case was that negligence and/or wantonness by the defendants in their diagnosis and treatment of Mr. Henry caused or contributed to his death.
The following are the pertinent parts, for purposes of this appeal, of the trial court's charge to the jury:[1]
 "[Ms. Kyle] alleges that Mr. Henry died as a proximate result of negligence on the part of the hospital and on the part of the doctors.
". . .
 "There must be some evidence to the effect that such negligence or malpractice probably caused Charles Watt Henry's death.
". . .
 "Now, it is also the law that the negligence of two or more persons may concur and combine to proximately cause the injury or damage complained of[;] causes concur or combine when they join together to produce a given result.
 "Now, I charge you that there can be no recovery against the Selma Medical Center Hospital . . . unless you are reasonably satisfied from the evidence that the proximate cause of death in this case was due to the negligence of Dr. Weil, Dr. Lett, or both. . . ."
 "Now, in order for the Plaintiff to be entitled to recover for any negligence complained of that negligence must be the proximate cause of the death of Mr. Henry. And the law says that the proximate cause of an injury is that cause which in the natural and probable sequence of events and without the intervention of any new or independent cause produces the injury, and without which such injury would not have occurred."
The record reflects that after the trial court had completed its charge, the court and counsel retired to the witness room and the following took place:
 "THE COURT: All right, are there any objections or exceptions to the Court's charge by the plaintiff? *Page 591 
 "[Plaintiff's Counsel]: . . . [W]e object, except rather, to the statement that the conduct must be the proximate cause as opposed to a proximate cause."
In a jury case a party is entitled to have its case tried to a jury that is given the appropriate standard by which to reach its decision.
The act or omission of a defendant or defendants does not have to be the sole proximate cause, but only a proximate cause, of the injury. Marshall County v. Uptain,409 So.2d 423 (Ala. 1981).
The trial court instructed the jury on concurring and combining negligence in such a way that the jury could not have understood, from the instruction as a whole, that the negligence of the defendant had to be the sole proximate cause. The instruction was general enough, so that the jury could have understood that any defendant could be liable for his or its negligence, even if such negligence concurred or combined with the negligence of any other defendant or any third person not a defendant.
Plaintiff, in a stimulating argument that has caused us to abstractly examine the element of "proximate cause" in an action for negligence, contends that the trial court should have instructed the jury that "any efficient cause," such as "an act of God" or "a very serious or fatal illness," could concur and combine with the negligence of a defendant to produce the injury, without relieving the defendant from liability for his own negligence.
But, did the objection (that the court had told the jury, in effect, that "the conduct must be the proximate cause as opposed to a proximate cause") assign grounds specifying wherein the complained of charge was erroneous or a misstatement of the law? We think not.
In Prosser and Keeton, The Law of Torts (1984), the following statements appear:
 "An essential element of the plaintiff's cause of action for negligence, or for that matter for any other tort, is that there be some reasonable connection between the act or omission of the defendant and the damage which the plaintiff has suffered. This connection
usually is dealt with by the courts in terms of what is called 'proximate cause'. . . ." (At page 263.) (Emphasis supplied.)[2]
Proximate cause is that connection between the act or omission of the defendant or defendants and the injury to the plaintiff, or here, the plaintiff's decedent.
Typically, "proximate cause" involves problems dealing with the nexus between the act or omission and the injury. The issue in this case is whether the physical condition of the plaintiff's decedent (meningitis) could be considered "a proximate cause" of the decedent's death. Clearly, meningitis is not the connection between the act or omission of the defendants and the plaintiff's decedent's death.
The defendant must take the injured party as he finds him; and the fact that if the injured party had not had a particular malady, the alleged negligence or wantonness of a defendant would not have produced the damage for which the plaintiff seeks to recover, is not a defense. Here, the jury instruction, taken as a whole, correctly embodied this substantive principle of causation.
Rule 51, Ala.R.Civ.P., provides, in pertinent part:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection." (Emphasis supplied.)
If the objection does not sufficiently identify that portion of the charge to which objection is made, or does not specify wherein the complained of charge was erroneous or a misstatement of the law, the objection fails to meet the requirements of *Page 592 
Rule 51. Wright v. Waters, 367 So.2d 960, 961 (Ala. 1979).
Merely to call the trial court's attention to the difference between the definite article "the" and the indefinite article "a", in light of the trial court's entire charge, is far too technical in nature to serve as the basis for reversal. This is not to say that we reject the literal distinction between the two words; we hold only that the objection was not sufficient to call to the trial court's attention the error now alleged.
AFFIRMED.
MADDOX, JONES, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
TORBERT, C.J., and ALMON, J., concur in the result.
[1] Over 32 pages of the record are devoted to the court's entire charge.
[2] "The word 'proximate' is a legacy of Lord Chancellor Bacon, who in his time committed other sins." Prosser and Keeton, The Law of Torts, (1984) at 273. (Emphasis supplied.)