CRAWLEY, Judge.
In January 1993, O’Neal Waters (the “worker”) sued Alabama Farmers Cooperative, Inc. (the “company”), for workers’ compensation benefits, alleging that in October *623 1992[1] he suffered an injury to his lower back caused by cumulative trauma in the line and scope of his employment, and that he is permanently and totally disabled. The worker requested compensation benefits and medical expenses. The trial court entered a summary judgment for the company.
The worker argues that the trial court erred in entering the summary judgment for the company. A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Moreover,
“In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present ‘substantial evidence’ creating a genuine issue of material fact — ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ Ala. Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).”
Capital Alliance Insurance Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994).
The worker has been employed by the company for more than 30 years. In 1972, the worker injured his back in the line and scope of his employment. The worker and the company settled his claim for worker’s compensation benefits in 1974. The worker argues that the cumulative trauma of his employment activities has aggravated his 1972 injury and that he is now permanently and totally disabled. The company contends that the 1974 settlement bars the worker’s present claim for benefits. The settlement agreement states:
“The [company] and the [worker] have agreed upon a lump sum settlement whereby the [company] will pay to the [worker] compensation on the basis of a 25% permanent partial disability to the body as a whole which would be compensation at the rate of $21.43 for 300 weeks. The [company] has heretofore paid to the [worker] temporary total in accordance with the Workmen’s Compensation Act of the State of Alabama to a lump sum figure of $4,470.60 which sum the [company] is willing to pay and the [worker] is willing to accept in full payment, satisfaction and accord of any and all claims for and on account of said alleged injury whether under the Workmen’s Compensation Act of the State of Alabama, as last amended or otherwise, except that [the worker] shall continue to be entitled to such medical benefits as were provided to him by the Workmen’s Compensation Act of the State of Alabama, as of February 23,1972.”
(Emphasis added.)
The worker argues that the 1974 settlement agreement does not bar his present claim seeking compensation benefits and medical expenses caused by an aggravation of the 1972 injury. We first hold that the settlement agreement does not bar the worker’s claim for medical expenses. The agreement specifically excludes medical expenses from the issues decided by the agreement. By definition, medical expenses are not compensation pursuant to the statute. Ala.Code 1975, § 25-5-1(1); Central LP Gas, Inc. v. Walls, 656 So.2d 890 (Ala.Civ.App.1995). We must determine whether the settlement agreement bars the worker’s action for compensation benefits. If his current condition’ is an aggravation of his 1972 injury, then he is not barred from recovery.
The company contends that the worker failed to present substantial evidence that his employment aggravated his 1972 injury. A worker who has a preexisting condition is not precluded from collecting workers’ compensation benefits if the employment aggravates, accelerates, or combines with, a latent disease or infirmity to produce disability. Ex parte Lewis, 469 So.2d 599 (Ala.1985). A preexisting condition that did not affect the employee’s work performance before the disabling injury is not considered, *624 pursuant to the Act, to be a pre-existing condition. Associated Forest Materials v. Keller, 587 So.2d 957 (Ala.Civ.App.1988).
In his deposition, the worker testified that he quit working in October 1992 because he was experiencing back pain of such intensity that he was unable to perform his duties. The worker also testified that after his 1972 injury, his back condition continually deteriorated until he was unable to perform his duties. The worker’s duties required lifting up to 100 pounds, and he had been performing similar work for more than 30 years. The worker is receiving SSI benefits because of his back problems. The worker has undergone several back surgeries since his 1972 injury. The worker’s neurosurgeon testified that he diagnosed the worker with spinal stenosis, a narrowing of the spinal column. He first prescribed epidural steroids, and then performed a myelogram to alleviate the worker’s pain. He stated, with a reasonable degree of medical certainty, that the worker’s job is a possible source of the worker’s back problems, and he assigned the worker a 20 percent physical impairment rating. The neurosurgeon also testified that other factors may contribute to the worker’s spinal steno-sis.
We conclude that a material issue of fact exists as to whether the worker’s employment aggravated his 1972 back injury. There was no evidence that the worker had not been able to perform his job after the 1972 injury. In fact, the neurosurgeon testified that he was impressed with the worker’s ability to perform such strenuous work for as long as he did. We cannot hold that the company is entitled to a judgment, as a matter of law, on the basis that the worker did not suffer a new injury in 1992; therefore, we must reverse the summary judgment for the company and remand thé cause for further proceedings.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, J., concur.

. This case is governed by the Workers' Compensation Act, and the amendments effective May 19,1992.