In November 1993, Charles Ross (the "worker") filed a complaint for worker's compensation benefits against Ellard Construction Company (the "company"), alleging that he had been injured in the line and scope of his employment and had suffered a permanent disability. The company filed a motion for summary judgment, contending that the worker tested positive for cocaine metabolites following the accident and that he is not entitled to compensation benefits because, the company alleged, he had been under the influence of illegal drugs at the time of the accident. Ala. Code 1975, § 25-5-51. The worker opposed the summary judgment motion, contending that the company had not proved that the accident was caused by the illegal drugs. The trial court granted the company's motion for summary judgment, and the worker appeals.
The worker argues that the illegal drug defense in Ala. Code 1975, § 25-5-51, requires that an impairment from the use of illegal drugs be the proximate cause of the accident in order for the employee to be precluded from receiving benefits. Therefore, the worker argues that an issue of material fact exists, i.e., whether the impairment caused the accident, and he argues that the trial court erred in entering the summary judgment for the company.
A motion for summary judgment is to be granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Moreover,
 "In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present 'substantial evidence' creating a genuine issue of material fact — 'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.' Ala. Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)."
Capital Alliance Insurance Co. v. Thorough-Clean, Inc.,639 So.2d 1349, 1350 (Ala. 1994).
The facts of the case are undisputed. On June 29, 1993,[1] the tip of the worker's middle finger was cut off in a work-related accident. The worker was transported to Carraway Medical Center, where he consented to give a urine sample pursuant to the company's drug screening policy. The results of the test were positive, and the company refused to pay any compensation benefits to the worker. The company argues that the illegal drug defense in Ala. Code 1975, § 25-5-51, requires no proof of causation; the worker argues that the company must prove that his impairment from the illegal drugs proximately caused the accident in order to preclude an award of benefits.
Before the 1992 amendments, Ala. Code 1975, § 25-5-51, read, in pertinent part, as follows:
 "[N]o compensation shall be allowed for an injury or death . . . due to [the worker's] intoxication. . . . [T]he burden of proof shall be on the employer to establish such defense." *Page 1192 
This court has held "in order for an employer to avail itself of the statutory intoxication defense, it must appear that the injury or death suffered by the employee was proximately caused
by the employee's intoxication." Lankford v. Redwing Carriers,Inc., 344 So.2d 515, 519 (Ala.Civ.App.), cert. den.,344 So.2d 522 (Ala. 1977) (emphasis added).
Following the 1992 amendments, § 25-5-51, states, in pertinent part:
 "[N]o compensation shall be allowed for an injury or death caused by . . . an accident due to the injured employee being intoxicated from the use of alcohol or being impaired by illegal drugs.
 "A positive drug test conducted and evaluated pursuant to standards adopted for drug testing by the U.S. Department of Transportation in 49 C.F.R. Part 40 shall be a conclusive presumption of impairment resulting from the use of illegal drugs."
No Alabama cases have addressed the issue whether proximate cause is required for the separate illegal drug defense added in 1992. Additionally, we have researched the workers' compensation statutes of other jurisdictions; none of them has established an illegal drug defense referencing the Department of Transportation (DOT) drug test.
The court's fundamental duty in interpreting a statute is to determine the legislative intent by examining the language used in the statute, as well as the policy to be promoted and the ends sought by the application of the statute. Ex parteHolladay, 466 So.2d 956 (Ala. 1985). The court must interpret provisions of the workers' compensation statute liberally to accomplish its "beneficient purposes, and all reasonable doubts should be resolved in favor of the [worker]." American TennisCourts, Inc. v. Hinton, 378 So.2d 235, 237 (Ala.Civ.App.), cert. den., 378 So.2d 239 (Ala. 1979).
The company argues that the legislative intent and rules of statutory construction support its contentions; the worker argues that they support his contentions. The worker argues that the use of the language "due to" in the first paragraph of § 25-5-51 modifies both "being intoxicated from the use of alcohol" and "being impaired by illegal drugs." He contends that this indicates that the legislature intended to impose a proximate cause requirement on the illegal drug defense as well as on the intoxication defense. Larson's states, "When a statute says merely 'caused by' or 'due to,' this can refer neither to remote cause nor to sole cause. It must mean proximate cause." 1A A. Larson, Larson's Workmen's CompensationLaw, § 34.33(a) at pp. 6-93 to -94.
The company contends that the legislature intended to abolish the proximate cause requirement in instances where a worker fails the DOT drug test. It is undisputed that the drug test administered to the worker complied with the requirements for the DOT drug test. See 49 C.F.R. Part 40. The company argues that the first paragraph of § 25-5-51 applies to instances where the worker fails a drug test not administered pursuant to the DOT guidelines. The company concedes that in such an instance the proximate cause requirement remains; however, the company further reasons that the legislature distinctly set out the DOT drug test in a separate paragraph in order to distinguish it from other drug tests and in order to remove the requirement of proximate cause.
The company argues that the wording of § 25-5-51 indicates that the legislature eliminated the proximate cause requirement in instances where a worker fails a DOT drug test. Specifically, the company contends that the phrase "conclusive presumption of impairment" indicates that the legislature intended to impose a per se exclusion of compensation benefits upon a worker who fails the DOT drug test.
We do not interpret "conclusive presumption of impairment" to mean that a worker is automatically precluded from receiving compensation benefits after failing a DOT drug test. We interpret that phrase to mean that a worker who tests positive for drug use pursuant to the DOT test is conclusively presumed to have been under the influence of drugs when the accident occurred. As a result, the worker cannot present evidence to contradict the results of the DOT drug test.
We conclude that the "conclusive presumption" phrase does not apply to the issue of *Page 1193 
causation. The words "conclusive presumption" modify "impairment," and "impairment" in the paragraph at issue clearly means that the worker is under the influence of illegal drugs and does not refer to, or eliminate, the issue of the cause of the accident. In the workers' compensation context, the word "impairment" refers to the inability to perform the job and the loss of the ability to perform the employment. See Ala. Code 1975, § 25-5-57(a)(3)i. (other than § 25-5-51, the only section of the Act which contains the word "impairment"). "Impairment" does not refer to whether an accident arose from the course and scope of the worker's employment.
The company further argues that the legislative history indicates that the legislature intended to impose a per se exclusion of benefits upon a worker who fails the DOT drug test. At oral argument, the company also argued that public policy supports a per se exclusion. In 1992, the legislature amended the Alabama Workmen's Compensation Act and renamed it the Alabama Workers' Compensation Act. The legislature stated its intent in amending the act as follows:
 "It is the specific intent of the Legislature that workers' compensation benefit claim cases be decided on their merits. The Alabama Workers' Compensation Act is remedial in nature and should be liberally construed to effectuate the intended beneficial purposes. However, even a liberality of construction does not abrogate the measure of proof or sufficiency of evidence.
 "It is also the intent of the Legislature in adopting this workers' compensation scheme to address difficulties in the current scheme that are producing a debilitating and adverse effect on the state's ability to retain existing industry and attract new industry. The Legislature finds that the current Workmen's Compensation Law of Alabama and other means of compensation or remedy for injury in the workplace has unduly increased cost to employers in the state, driven away jobs, and produced no concomitant benefit. There is a total absence of any reliable evidence that the current act has resulted in fewer injuries on the job, and a considerable body of evidence that any added benefit to the worker is significantly offset by the resulting reduction in job opportunities. . . ."
Ala. Code 1975, § 25-5-1, Code commissioner's note (emphasis added). As stated above, the legislature modified the compensation statutes due to concerns regarding the ability of companies to operate profitably under the previous statutory scheme.
At oral argument, the company argued that its interpretation of § 25-5-51 would promote the legislature's intent and its economic concerns. This court does not doubt that a per se exclusion of benefits in instances where the worker fails a DOT drug test would contribute some economic profit to the company. However, as stated earlier, the workers' compensation laws are to be interpreted to promote their beneficent purposes.American Tennis Courts, Inc., supra. Certainly, removing the proximate cause requirement in this instance would not promote the beneficent purposes of the Act. This court is also reluctant to hold that proximate cause is not required when the legislature has not explicitly stated that it is not required. In determining the extent to which the legislature has altered a statute, our Supreme Court has stated:
 "The presumption is that the legislature does not intend to make any alteration in the law beyond what it explicitly declares, either in express terms or by unmistakable implication, and that it does not intend to overthrow fundamental principles, infringe rights, or depart from a general system of law without expressing its intention with irresistible clearness."
Duncan v. Rudulph, 245 Ala. 175, 176-77, 16 So.2d 313, 314
(1944) (citations omitted.) Therefore, we hold that the company must prove that the worker's impairment from illegal drugs, as conclusively determined by the DOT drug test, proximately caused the injury in order for the injury to not be compensable pursuant to § 25-5-51. See Lankford, supra.
Now that we have held that the company must prove that the illegal drug use proximately caused the accident, we must determine whether an issue of material fact exists as to the proximate cause of the accident. *Page 1194 
The company argues that the worker failed to present substantial evidence that his impairment from the illegal drugs did not proximately cause his injury. The company presented an affidavit of the worker's supervisor who testified that the worker must have been "inattentive" at the time of the accident. The worker testified that he was careful and that his supervisor mistakenly thought he had signaled that his hands were free from the pipe and chain at the time he was injured. The worker testified that he never made the signal that his hands were free from the pipe and chain. Therefore, we conclude that an issue of material fact exists as to whether the worker's drug use proximately caused the accident, and we remand the cause to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN and YATES, JJ., concur.
MONROE, J., concurs in the result.
[1] The review of this case is governed by the Workers' Compensation Act as amended May 19, 1992.