MONROE, Judge.
Derrick Glenn sued his employer, Flowers Specialty Foods of Montgomery, Inc., seeking workers’ compensation benefits for injuries he sustained in an on-the-job accident. After trial, the trial court entered a judgment finding that Glenn had lost the use of his index finger and that Glenn had sustained disfigurement to his middle finger. The court awarded benefits accordingly. The trial court also awarded Glenn 12 weeks of temporary total disability benefits. Flowers appeals.
*1138 The evidence adduced at trial tended to show the following. On February 13, 1996, while Glenn was monitoring a machine called a “pan stacker,” some of the pans jammed. To unjam them, Glenn climbed to a higher part of the machine; the evidence is disputed as to whether Glenn used a ladder or climbed the machine itself. After releasing the pans, Glenn stayed at the top of the pan stacker to make sure that the pans were stacking correctly. While he was watching the pans, his baking mitt got caught in a chain sprocket, pulling his fingers into the sprocket.
Glenn reported the accident to his supervisor and was taken to a hospital, where doctors amputated the first phalange of his index finger. Glenn’s middle finger also was injured in the accident, but he did not lose any portion of that finger. While at the hospital, Glenn was given a drug test, the results of which were positive for marijuana.
The standard of review this court must apply in this case is derived from § 25-5-81(e)(1), Ala.Code 1975, which provides: “In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.” Furthermore, the Workers’ Compensation Act provides that “in reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25-5-81(e)(2). The Alabama Supreme Court has defined “substantial evidence” as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989); Ex parte Trinity Industries, Inc., 680 So.2d 262, 268 (Ala.1996).
Flowers argues that the trial court erred in finding that Flowers had failed to show that Glenn’s marijuana use was the proximate cause of the accident. The parties stipulated that the drug test given to Glenn complied with the standards adopted by the United States Department of Transportation, as required by § 25-5-51, Ala.Code 1975. They also stipulated that Glenn had tested positive for marijuana.
We agree with Flowers that because Glenn tested positive for marijuana, and because his drug test was conducted in compliance with DOT standards, he is conclusively presumed to have been impaired as the result of using an illegal drug. § 25-5-51, Ala. Code 1975. However, the company still must prove that the worker’s impairment proximately caused the accident that caused the worker’s injury. Ross v. Ellard Constr. Co., 686 So.2d 1190 (Ala.Civ.App.1996).
Bruce Harrell, Glenn’s supervisor, testified that he had talked with Glenn earlier on the day of the accident and that at that time Glenn had seemed “okay.” He also said Glenn had released pans earlier during the shift, apparently without any problem. There is no evidence that Glenn was unable to perform his job or that he was performing his job poorly on the day of the accident. There was no evidence he was acting erratically or lethargically. In short, there is no evidence that Glenn’s actions on the day of the accident gave any indication that he was under the influence of marijuana. The trial court found that Flowers had failed to meet its burden of showing that Glenn’s injury was proximately caused by his illegal drug use. Instead, the court said, it found that Glenn’s injury was caused by the baking mitt becoming hung in the sprocket, which did not have a chain guard. Substantial evidence supports the findings of the trial court; therefore, we will not reverse that portion of the judgment holding that Glenn was entitled to compensation despite testing positive for marijuana.
Flowers contends that the trial court erroneously calculated the compensation due to Glenn for the loss of the first phalange of his index finger. Specifically, Flowers argues, the trial court erred in determining that Glenn was entitled to compensation for the loss of his entire index finger when the evidence is undisputed that only the first phalange was amputated.
Section 25-5-57(a)(3)a.6., Ala.Code 1975, provides:
“The loss of the first phalange of the thumb or of any finger shall be considered *1139 as equal to the loss of one half of the thumb or finger, and compensation shall be paid at the prescribed rate during one half of the time specified above for the thumb or finger.”
An employee receives benefits for 43 weeks for the loss of a whole finger. § 25-5-57(a)(3)a.2.
At the outset of the trial, Glenn’s attorney said the only issue in dispute was the cause of the accident. He also said, “[T]he law indicates that [Glenn’s] amputation would constitute one-half of a finger. That’s what the statute says. If you lose a phalanx, it is one-half of a finger. It is not the whole finger.” Glenn testified during the trial that he had limited use of his index finger. Despite the statement made by Glenn’s attorney and Glenn’s own testimony, in its judgment the trial court wrote that “it appeared to the court that [Glenn] had lost use [of his index finger],” and it awarded benefits based on the loss of the whole finger.
The trial court’s finding is contrary to the evidence presented at trial. Therefore, the judgment of the trial court is reversed as to the amount of compensation awarded to Glenn for the amputation of the first pha-lange of his index finger, and the cause is remanded for the trial court to award benefits in accordance with the schedule of benefits, §§ 25-5-57(a)(3)a.6. and 25-5-57(a)(3)a.2.
Flowers also contends that the evidence was insufficient to support the trial court’s finding that Glenn was entitled to compensation because his middle finger had been “disfigured,” as that term is used in the Workers’ Compensation Act. The schedule of benefits allows compensation for disfigurement as follows:
“For serious disfigurement, not resulting from the loss of a member or other injury specifically compensated, materially affecting the employability of the injured person in the employment for which he or she is then qualified, 66 2/3 percent of the average weekly earnings for the period as the court may determine, but not exceeding 100 weeks.”
§ 25-5-57(a)(3)a.34. (emphasis added).
In Checker’s Drive-In Restaurant v. Brock, 603 So.2d 1066 (Ala.Civ.App.1992), the trial court awarded a worker compensation for disfigurement because her foot had been badly burned in an on-the-job accident. This court reversed the judgment, holding that because there was no evidence of any connection between the worker’s disfigurement and her employability, the worker was not entitled to compensation for disfigurement.
Glenn’s middle finger was cut in the accident and that the tendons in that finger were injured. His middle finger is now scarred. However, the record contains no evidence as to whether Glenn’s scarred middle finger affects his employability. In his brief to this court, Glenn defends the trial court’s decision, saying that the court could see Glenn’s disfigured finger and “could have drawn the inference that ... [the deformity] could cause the potential employer to assume the impairment of that finger and not proffer employment.” No evidence in the record supports such an inference, however.
Because there is no evidence connecting Glenn’s disfigurement to his employability, the trial court erred in awarding him benefits based on disfigurement. Therefore, that portion of the judgment awarding benefits for disfigurement is also reversed.
Those portions of the judgment awarding Glenn compensation benefits for disfigurement and for the loss of a whole index finger are reversed. The remainder of the judgment is affirmed. The cause is remanded for the trial court to enter a judgment consistent with this opinion. The remainder of the judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in result.