CRAWLEY, Judge.
Tommy E. Harrell (the “worker”) sued Parker Hannifin Corporation (the “company”) for workers’ compensation benefits, alleging that he had been injured in the line and scope of his employment and that the injury had caused him to suffer a permanent disability. The worker also made a retaliatory-discharge claim. The court entered a summary judgment for the company on the retaliatory-discharge claim. After holding a hearing on the workers’ compensation claim, the trial court found the worker permanently and totally disabled and awarded benefits accordingly. The company appeals, arguing that the trial court erred by: (1) awarding the worker any benefits, because it contends any recovery is precluded by Ala. Code 1975, § 25-5-51- — specifically based on marijuana use by worker; (2) not reviewing all the evidence presented to it; (3) concluding that the worker proved medical causation; and (4) finding the worker permanently and totally disabled.
The review of this case is governed by the Workers’ Compensation Act, which states in pertinent part: “In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” Ala.Code 1975, § 25-5-81(e)(2). Therefore, this court “will view the facts in the light most favorable to the findings of the trial court.” Whitsett v. BAMSI, Inc., 652 So.2d 287, 290 (Ala.Civ.App.1994) (overruled on other grounds); see Ex parte Trinity Indus., Inc., 680 So.2d 262 (Ala.1996). Further, this court “will not reverse the trial court’s finding of fact if that finding is supported by substantial evidence — if that evidence is supported by ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West [v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)]; [Ala.Code 1975,] § 12-21-12(d).” Ex parte Trinity Indus, at 268.
The company first argues that § 25-5-51 precludes any recovery for the worker. That section states in pertinent part:
“[N]o compensation shall be allowed for an injury or death caused by ... an accident due to the injured employee being intoxicated from the use of alcohol or being impaired by illegal drugs.
*878 “A positive drug test conducted and evaluated pursuant to standards adopted for drug testing by the U.S. Department of Transportation in 49 C.F.R. Part 40 shall be a conclusive presumption of impairment resulting from the use of illegal drugs.”
It is undisputed that the worker tested positive for marijuana after undergoing the Department of Transportation drug test two days after the accident. Therefore, the worker is conclusively presumed to have been impaired by illegal drugs, and the worker cannot rebut that presumption. Ross v. Ellard Constr. Co., 686 So.2d 1190, 1192 (Ala.Civ.App.1996). The company is still required to prove that the impairment by the illegal drugs proximately caused the worker’s injury. Id. Whether the worker’s injury is proximately caused by the impairment by illegal drugs is a question of fact, and the trial court’s finding will be upheld if it is supported by substantial evidence. Flowers Specialty Foods of Montgomery, Inc. v. Glenn, 718 So.2d 1137, 1138 (Ala.Civ.App.1998).
The worker testified that he injured his back while repairing a machine with a wrench. The worker testified that the machine broke loose, causing the wrench to jerk his hand. The worker testified that he next felt a sharp stabbing pain in his back. The operator of the machine testified that he had observed people “high” on drugs and that the worker exhibited no symptoms over being “high.” The worker admitted that he smoked marijuana the evening after the accident, but said he did so in an attempt to relieve his pain. No one testified that on the date of the accident the worker appeared impaired or under the influence of any drug. After reviewing the evidence, we conclude that substantial evidence supports a finding that the worker’s use of marijuana was not a proximate cause of his injury.
The company next argues that the trial court erred by not considering all of the evidence presented to it, specifically, expert medical evidence presented by the company. The company bases this argument on the fact that the trial court at the close of the ore tenus hearing stated that the worker was permanently and totally disabled and asked the worker’s attorney to draft a proposed order. The company argues that the court could not have reviewed the depositions it offered into evidence.
At the close of the trial, the trial court stated: “The court finds the [worker] is 100 percent permanently disabled. Mr. Hornsby [the worker’s attorney], if you’ll have the order drawn and send it to [me] and make sure it’s technically accurate, and I’ll sign the decree after that.” The company’s attorney did not object to the trial court’s statements. While we do not approve of the trial court’s stating a legal conclusion from the bench before it has considered deposition evidence related to the matter dealt with in that conclusion, we cannot hold the trial court in error without an objection from the party who now claims to have been prejudiced by the court’s statements. See Wood v. Wood, 600 So.2d 282 (Ala.Civ.App.1992) (holding that the appellate court would not address on appeal the issue whether the trial court made prejudicial statements, when that argument had not been presented to the trial court).
The company next argues that the trial court erred by finding that the worker had met his burden of proving medical causation. The company argues that the worker’s injury was caused by degenerative disc disease, a preexisting condition, and not by the October 1998 accident.
*879 “A worker who has a pre-existing condition is not precluded from collecting workers’ compensation benefits if the employment aggravates, accelerates, or combines with, a latent disease or infirmity to produce disability. Ex parte Lewis, 469 So.2d 599 (Ala.1985). A preexisting condition that did not affect the [worker’s] work performance before the disabling injury is not considered, pursuant to the Act, to be a pre-existing condition. Associated Forest Materials v. Keller, 587 So.2d 957 (Ala.Civ.App.1988).”
Waters v. Alabama Farmers Coop., Inc., 681 So.2d 622, 623-24 (Ala.Civ.App.1996).
The evidence indicates that the worker had a history of back problems and had previously injured his back at work. The evidence also indicates that the worker’s prior injuries did not affect his ability to perform his job. Therefore, the worker is not precluded from recovering workers’ compensation benefits.
Last, the company argues that the trial court erred by finding the worker to be permanently and totally disabled. The worker was 55 years old at the time of trial, and he has a ninth-grade education. He testified that he was in constant pain and had trouble performing basic tasks and was severely restricted in movement. His vocational expert testified that, given his extensive medical restrictions, his age, and his limited skills, the expert thought he had a 100% loss of earning capacity and that he was not a candidate for rehabilitation. In its judgment, the trial court stated that it had observed that the worker was unable to sit or stand for prolonged periods and had observed that the worker was in constant pain. Therefore, we conclude that the trial court’s finding that the worker is permanently and totally disabled is supported by substantial evidence.
AFFIRMED.
PITTMAN, J., concurs.
YATES, P.J., and THOMPSON and MURDOCK, JJ., concur in the result.