PITTMAN, Judge.
Collins Signs, Ine., the employer, appeals a trial court’s award of workers’ compensation benefits to a former employee, Vernon Smith. Smith was employed with Collins Signs on June 1, 1999, when he attempted to move a large Kmart sign that blocked his passage through a doorway. When he did so, the dollies on which the sign was resting remained stationary and the sign moved off the dollies, hitting his left shoulder, knocking him to the ground, and falling on top of him.
The only issue on appeal is whether Smith was impaired by illegal drugs at the time of the accident so to preclude recovery of workers’ compensation benefits. See § 25-5-51, Ala.Code 1975. In its judgment, the trial court held:
“Based on the evidence, this Court finds that marijuana being in Mr. Smith’s system was a contributing cause to this accident but not the sole cause or proximate cause of said accident. The Court further finds that the K-Mart sign was not properly mounted and not properly handled by Mr. Smith when he attempted to move the sign and these reasons were the proximate cause of the accident.”
(C. 295.) The trial court entered a judgment in favor of Smith and against Collins Signs in the amount of $6,799.00, which amount constitutes temporary total disability benefits for 19 weeks and permanent partial benefits for a 7% impairment to Smith’s lower extremity.
The standard of review in a workers’ compensation case is firmly established. The Workers’ Compensation Act is to be liberally construed to accomplish its beneficent purpose, and doubts must be resolved in favor of the employee. See Bethea v. Bruno’s, Inc., 741 So.2d 1090, 1093 (Ala.Civ.App.1999). “In reviewing the standard of proof set forth herein and other legal issues, review by the Court of Civil Appeals shall be without a presumption of correctness.” See § 25-5-81(e)(1), Ala.Code 1975. “In reviewing pure findings of fact, the finding of the circuit court shall not be reversed if that finding is supported by substantial evidence.” § 25-5-81(e)(2).
This Court has previously held that an employer who raises § 25-5-51 as a defense to an action seeking workers’ compensation must “prove that the worker’s impairment from illegal drugs, as conclusively determined by the [Department of Transportation] drug test, proximately caused the injury” for the injury not to be compensable. Ross v. Ellard, Construction, 686 So.2d 1190, 1193 (Ala.Civ.App.1996). Smith’s drug test results were duly authenticated and admitted at trial below. Deposition testimony by Dr. Charles Thomas Huber, chief toxicologist for the Alabama Reference Laboratories, which analyzed Smith’s urine sample, was admitted regarding the procedures and results of Smith’s drug test. Dr. Huber stated that the threshold for a positive urine test for marijuana is 15 nanograms per milili-ter. Smith’s sample showed a level of 470 nanograms per mililiter, a level over 30 times the threshold amount.
Collins Signs argues that, under Ross, its burden is to prove by substantial evidence that Smith’s impairment from illegal drugs was a proximate, but not necessarily the sole, cause of his injuries. It is undisputed that Smith tested positive for marijuana; therefore, he is conclusively presumed to have been impaired by illegal drugs. See § 25-5-51. The burden is on Collins Signs to prove the impairment was a proximate cause of Smith’s injury. See Flowers Specialty Foods v. Glenn, 718 So.2d 1137, 1138 (Ala.Civ.App.1998).
The general rule in Alabama regarding proximate cause is that an act is the proximate cause of an injury if the *639 injury is the natural and probable consequence of the negligent acts which an ordinarily prudent person ought reasonably to foresee would result in injury. See Blue Water Catfish, Inc. v. Hall, 667 So.2d 110, 113 (Ala.Civ.App.1995). In the judgment, the trial court refers to Smith’s drug use as a “contributing cause” to Smith’s injury. A contributing cause is relevant only in reviewing a medical-causation case. See Ex parte Vongsouvanh, 795 So.2d 625 (Ala.2000); Ex parte Valdez, 636 So.2d 401 (Ala.1994). However, Smith’s injuries were not caused by a medical condition, but by an on-the-job accident. Therefore, the trial court’s reference to “contributing cause” is incorrect.
Also in the judgment, the trial judge appears to equate proximate cause with sole cause. This is an incorrect statement of the law. The long-standing rule in Alabama is “if two causes operate at the same time to produce a result which might be produced by either, they are concurrent causes, and in such case each is a proximate cause.” Shepherd v. Gardner Wholesale, Inc., 288 Ala. 43, 47, 256 So.2d 877, 880 (1972) citing Birmingham Ry., Light & Power Co. v. Ely, 183 Ala. 382, 391, 62 So. 816, 819 (1913). Furthermore, an act or omission does not have to be the sole proximate cause, but only a proximate cause of the injury. See Kyle v. Selma Medical Ctr. Hosp., Inc., 534 So.2d 589, 591 (Ala.1988). If Smith would not have been injured by the falling sign but for the drug-induced impairment, then the drug use was a proximate cause of the injury.
Collins Signs cites two medical articles introduced by Smith as corroboration of its argument that Smith’s illegal drug use was a proximate cause of his injuries. One article stated:
“Both alcohol and cannabis were found to increase reaction time and increase the number of initially incorrect responses .... Emergency response behavior was impaired by cannabis..-. .Short-term psychomotor and cognitive effects related to the use of cannabis include impaired memory, altered perception of the passage of time, and impaired performance in a wide variety of tasks.”
(C. 307-08.)
Smith testified he knew that company policy required that two employees move large signs like the one that fell on him. He also testified that while he was moving the sign he could not tell that the sign was falling, even though he had both hands on the sign. Even when a coworker warned him that the sign was falling, he did not run clear of the falling sign, but tried to hold the sign up by himself. Smith agreed during cross-examination that if he had known that the sign was falling, he probably would have been able to avoid being injured.
Smith’s testimony is consistent with the article quoted above in that Smith took too long to react to the dangerous situation and he responded incorrectly by remaining in front of the falling sign rather than moving out of the way. If not for his impairment, Smith would have known the sign was falling and probably been able to avoid injury, or he would have moved out of the way once he was warned it was falling rather than try to hold a sign that was too big for one man. These actions confirm the fact that his impairment by marijuana caused his injuries; the marijuana impaired Smith’s ability to react properly in an emergency and it delayed his reaction to a dangerous situation. When he finally did react, Smith’s initial response in trying to hold up the sign was the incorrect reaction.
Smith’s drug-induced impairment affected his ability to follow safety procedures, to perceive a dangerous situation, *640 and to respond appropriately to both the falling sign and his coworker’s warning. The Ross requirement that the impairment of the employee be a proximate cause of the injuries was met. Once the statutory provisions of § 25-5-51 are implicated, then Smith is prohibited from receiving workers’ compensation by operation of the statute.
Smith relies on Flowers Specialty Foods to argue for affirming the trial court’s judgment. In Flowers, as here, the trial court found the employer failed to meet the burden of proof to show the injury was proximately caused by illegal drug use. See Flowers, 718 So.2d at 1138. The trial court held that the cause of the work-related injury was a sprocket that did not have a safety chain; because of the lack of a safety chain the employee’s hand was pulled into the machinery. See generally Flowers. The court concluded that the employee’s drug use had not contributed to the accident, which it determined was caused by an unsafe machine.
In the case now before this Court, the situation is markedly different. First, Smith violated safety procedures by attempting to move a sign that shop policy required two men to move. Second, even though Smith did not perceive that the sign was falling, a coworker did and called out a warning. In his impaired state, Smith did not react properly to the warning. He attempted to hold the sign up instead of moving out of the way. Finally, the trial judge concluded that the combination of the fact that the sign was improperly mounted on the dollies and Smith’s mishandling of the sign proximately caused the accident.
Smith’s injuries were not caused by faulty machinery or by an unsafe workplace. The accident happened, according to the trial judge’s own findings of fact, because Smith failed to follow safety procedures when he attempted to move the Kmart sign and because the sign was not properly mounted on the dollies. Although neither the trial judge nor the parties address this point, Smith testified that he willfully disobeyed shop policy by attempting to move an oversized sign by himself. Willful misconduct that contributes to an injury will also bar the recovery of workers’ compensation benefits under the statute. See § 25-5-51.
Indeed, it is clear from reviewing the record and the final judgment that had Smith not been impaired by illegal-drug use, he probably would not have been injured. Given the evidence that Smith disobeyed shop policy regarding moving large signs at the same time his drug test revealed he had a level over 30 times the threshold amount of marijuana required for a positive reading, it seems reasonably certain that the accident was proximately caused by Smith’s impairment. After carefully examining the record, we conclude that, based on these facts, no reasonable view of the evidence supports the trial court’s award of workers’ compensation benefits to Smith.
This court finds it necessary to address again our standard of review of a workers’ compensation case. The Court of Civil Appeals is authorized to determine whether the trial court’s decision is supported by sufficient evidence, but it is not authorized to independently weigh the evidence. Ex parte Rhea, 807 So.2d 541 (Ala.2001), quoting Ex Parte Golden Poultry Co., 772 So.2d 1175, 1177 (Ala.2000). In limiting our review to the sufficiency of the evidence to support the trial court’s judgment, this court must thoroughly review the record, the testimony, and the exhibits presented to the trial court below. Reading the trial court’s judgment in light of the evidence presented, we cannot agree *641 that the judgment is supported by substantial evidence. See Flowers at 1138.
Because the trial court misapplied the law of causation in reaching its decision and because the judgment is not supported by substantial evidence, the judgment must be reversed and remanded. Because we are reversing the judgment, we do not address Collins Signs’ remaining two arguments on appeal. Futhermore, because we do not address Collins Signs’ final two issues on appeal, we deny Smith’s motion to strike Collins Signs’ argument as to one of those issues.
REVERSED AND REMANDED.
YATES, P.J., and CRAWLEY, THOMPSON, and MURDOCK, JJ., concur in the result.